## Goldstein v. Marriott.

*Charles A. Mertens, Charles A. Mertens, Jr.*, and *Benjamin Kastner*, for plaintiff.

*Marsh & Eaton, de bene esse*, for defendant.

ROSSITER, P. J., May 28, 1930.—There are three motions here for the court's consideration, viz., a motion on the part of the defendant to quash the writ of summons, and a motion to strike off plaintiff's statement, and a motion by the plaintiff for leave to file an amended præcipe. The facts, briefly stated, are these: On Jan. 4, 1929, a præcipe, addressed to the clerk (prothonotary), directed the issuance of a summons. The præcipe was signed by Benjamin Kastner, who is not a member of the local bar, and who on the same date filed, in place of plaintiff's statement, what he entitles a petition for money only. On Jan. 21st, Marsh & Eaton, members of the local bar, moved the court for leave to appear specially for the defendant for the purpose of quashing the writ and to strike off plaintiff's statement, and later filed a motion to strike off plaintiff's statement.

While we are convinced that the proceedings in a suit instituted and conducted by a person not entitled to practice are a nullity, and if proper steps are taken in time the suit will be dismissed, yet we are also convinced that if, in addition to defendant's plea to the jurisdiction, he takes any other steps, he submits himself to the jurisdiction of the court: Byers *v*. Byers, 208 Pa. 23. When there is more than a denial that the defendant is subject to the jurisdiction or judgment of the court under an appearance *de bene esse*, it will be treated as a general appearance: Jeannette Borough *v*. Roehme, 9 Pa. Superior Ct. 33. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection. In the instant case the writ was issued in the name of the Commonwealth against the defendant for damages in trespass and was served in due time on the defendant by the proper officer, viz., the sheriff. Hence, under the Act of March 21, 1806, § 6, 4 Sm. Laws, 326, the suit should not be set aside, but the plaintiff should be permitted to amend. A præcipe is amend-

able: Lockhart Street, 22 Pa. C. C. Reps. 363; 4 Troubat & Haly's Practice (6th ed.), 3252. An amendment should be liberally allowed: Joynes, to use, v. Railroad Co., 234 Pa. 321, 327. Statutes of amendment are liberally construed: Wright v. Eureka Tempered Copper Co., 206 Pa. 274.

Entertaining these views, now, May 28, 1930, the rule granted April 10, 1930, to show cause why the plaintiff should not be allowed to amend the præcipe is made absolute; the rule granted Jan. 21, 1929, to show cause why the plaintiff's statement should not be stricken off is also made absolute, and the plaintiff is given fifteen days within which to file a proper statement of claim; and the rule to show cause why the writ should not be quashed, granted Jan. 21, 1929, is discharged.

From Otto Herbst, Erie, Pa.