Dooley v. Pennsylvania Railroad Co. et al.

*Robert V. Moser*, for plaintiff.

*Richard Henry Klein*, for defendant.

*John L. Pipa, Jr.*, and *Daniel W. Kearney*, for additional defendants.

TROUTMAN, J., July 12, 1948.—Plaintiff, Mae M. Dooley, brings this action against the Pennsylvania Railroad Company, defendant, to recover damages for personal injuries suffered by her on February 23, 1947, when the automobile in which she was riding as a guest passenger was struck by a train of defendant, Pennsylvania Railroad Company, at the Rock Street crossing in the Borough of Shamokin, this county. Plaintiff alleges that her injuries were caused by the negligent manner in which defendant's train was being operated.

The Pennsylvania Railroad Company then filed its defendant's complaint after having joined Leon E. Misco and the Borough of Shamokin as additional defendants. In its complaint, defendant contends that the injuries suffered by plaintiff were caused either by the negligence of Leon E. Misco, the driver of the car in which she was riding or the negligence of the Borough of Shamokin in improperly maintaining the street or by their joint negligence and not by any negligence of defendant, Pennsylvania Railroad Company; or in the event that it should be determined that there is any liability against defendant on account of the injuries and damages suffered by plaintiff, then

either one or both of the additional defendants are jointly liable with it to plaintiff.

After defendant's complaint was served on both Leon E. Misco and the Borough of Shamokin, as additional defendants, each additional defendant filed preliminary objections to defendant's complaint. Thereafter, defendant filed preliminary objections to Misco's preliminary objections. These preliminary objections are now before the court for disposition.

The Borough of Shamokin, one of the additional defendants, filed three preliminary objections to defendant's complaint. These objections question the legal sufficiency of the averments contained in paragraphs 8, 26, and 27 of defendant's complaint.

Paragraph 8 of the complaint alleges that on the date of the accident the Borough of Shamokin was under a legal duty to maintain Rock Street at its point of intersection with the tracks of defendant, Pennsylvania Railroad Company. The objection which the Borough of Shamokin makes to this allegation is that defendant should set forth the nature of the duty allegedly owed by the Borough of Shamokin to Mae M. Dooley, plaintiff. The averment contained in paragraph 8 of plaintiff's complaint is a simple allegation as to what authority had the duty to maintain the street. It does not contain any allegation of a responsibility from the Borough of Shamokin to any individual, but rather avers a general duty on the part of the Borough of Shamokin to maintain the street in regards to any member of the traveling public who may use the same. The allegation is clear and definite and easy of answer. The Borough of Shamokin, in its answer, can either admit that it had the duty of maintaining the street, or, if such be the fact, deny such duty. Defendant attempts to aver the nature of this duty in paragraph 26 of its complaint.

It is incumbent for a borough to keep the streets, roads and bridges, over which it has jurisdiction, in

proper repair: McLaughlin v. City of Corry, 77 Pa. 109, 112. The averments of paragraph 8 of the complaint set forth such a legal duty. In respect to this paragraph, the second preliminary objection is without merit.

The first preliminary objection complains that the averments of paragraph 26 of defendant's complaint are not sufficiently defined and specific to enable the Borough of Shamokin to determine how it failed to maintain Rock Street adjacent to the point of collision in a condition safe for use by vehicular traffic; how it failed to keep the northern approach on Rock Street to the said crossing, free from ice and snow; how it failed to warn the vehicular traffic approaching the said crossing from the north, of the alleged slippery condition of the highway; in what other respects it failed to have due regard for the rights of plaintiff, Mae M. Dooley, and others; and in what other respect it negligently and unlawfully failed to properly maintain the said Rock Street at its northern approach to the aforesaid intersecting tracks of said defendant.

Paragraph 26 of defendant's complaint lists five specific particulars in which defendant claims that the Borough of Shamokin was at fault. In this paragraph it is set forth that the borough failed to maintain the street in a condition safe for use by vehicular traffic; that it failed to keep the approach to the crossing free from ice and snow; that it failed to warn vehicular traffic of the slippery condition of the highway; that it failed in other respects to have due regard for the rights of users of the highway; and that it otherwise negligently and unlawfully failed to properly maintain the street. To each of these allegations the Borough of Shamokin contends that defendant must allege in its complaint exactly how or in what respect the borough failed in its duty.

The question raised by the first preliminary objection of the Borough of Shamokin is whether the allega-

tions of paragraph 26 of defendant's complaint are sufficiently clear and definite to apprise the Borough of Shamokin of the charge which it would be required to meet and defend at the trial. The third preliminary objection raises a question as to the legal sufficiency of the complaint to show any cause of action against the Borough of Shamokin.

A borough is liable for damages arising from the neglect of its officers in not keeping the streets over which it has jurisdiction, in proper repair. However, a municipality is, in general, not liable for accidents resulting from the icy condition of its streets and walks: Coyle v. New Kensington, 336 Pa. 401.

The rules governing the liability of a municipality for the condition of its streets and pavements have been well defined by many decisions.

In Borough of Mauch Chunk v. Kline, 100 Pa. 119, 121, Chief Justice Sharswood, speaking for the court and quoting from McLaughlin v. City of Corry, supra, page 113, says: "A municipality cannot prevent the general slipperiness of its streets caused by the snow and ice during the winter, but it can prevent such accumulations thereof in the shape of ridges and hills as render their passage dangerous."

One of the best summaries is found in Bailey v. Oil City et al., 305 Pa. 325. The court says at page 327: "A municipality is, in general, not liable for accidents resulting from the icy condition of its streets and walks. . . . This is so because of the practicable impossibility of keeping cartways and sidewalks free from ice in this climate during the winter season. Rains followed by freezing often cover an entire city with ice in a few hours, as does the melting of snow during the day and freezing at night. It would therefore place an unreasonable and practically impossible burden upon a city to require the maintaining of its streets free from ice; this the law does not require.

"It is, however, a city's duty to cause the removal from the walks of such substantial ridges or hills of ice or snow as constitute an obstruction to travel . . . it must appear either that the city had actual notice of the obstrucion or that it had existed so long as to amount to constructive notice." See McDonough v. Munhall Borough, 331 Pa. 468, 472.

A careful review of the averments of negligence contained in the 26th paragraph of defendant's complaint convinces us that they are insufficient to state a good cause of action against the Borough of Shamokin. There is no averment that the borough had any notice either actual or constructive of any slippery condition of Rock Street at the time of this accident; it does not aver the amount of ice and snow and its location on the street nor is there any allegation that this alleged slippery condition had existed for sometime without being corrected by the borough. There is no allegation that such slippery condition was unusual as compared to possible snow and ice on other streets in the Borough of Shamokin, nor is there any allegation that the snow and ice was on the street due to any negligent conduct on the part of the officers or agents of the Borough of Shamokin.

In Bailey v. Oil City, supra, page 326, Justice Walling, of that court, in commenting on the allegations of negligence in plaintiff's statement of claim, said:

"The sole negligence complained of in plaintiff's statement is that the defendants 'then and there neglected to clean the sidewalk and keep the same clear of ice and snow, and negligently permitted snow and ice to accumulate on the sidewalk in front of the Borland Lumber Company's premises and thereby render the sidewalk slippery and dangerous as a public thoroughfare'. Manifestly this did not state a good cause of action."

Similarly, the averments of negligence as to the Borough of Shamokin in defendant's complaint are

substantially the same as in plaintiff's statement in the Bailey case, supra. In order to hold a municipality liable for a slippery condition of a street, it is necessary to not only allege that the borough failed to keep the approach to the crossing free from ice and snow, and that the borough failed to warn traffic of the slippery condition of the highway, or that the borough negligently and unlawfully failed to properly maintain the street approach to the intersecting tracks of defendant, but it is also necessary to aver that such slippery condition was caused by some negligent act on the part of the borough or that the slippery condition was of such a character that the borough had notice of its dangerous condition, whether actual or constructive.

Therefore, the first and third preliminary objections of the Borough of Shamokin must be sustained. The second preliminary objection is likewise sustained except as to the averments of paragraph 8 of defendant's complaint. While we are of the opinion that defendant's complaint does not sufficiently set forth a legal cause of action against the Borough of Shamokin, nevertheless, there may be a substantial right of action existing and we shall permit defendant to file an amended defendant's complaint as to additional defendant, Borough of Shamokin, if it so desires.

We shall next discuss the preliminary objections to defendant's complaint filed by additional defendant, Leon E. Misco, and the preliminary objections of defendant to the preliminary objections of Leon E. Misco, an additional defendant.

Following the filing of preliminary objections by additional defendant, Leon E. Misco, defendant filed preliminary objections, objecting to the preliminary objections of said additional defendant, Leon E. Misco. Rule 1017(b) provides that preliminary objections are available to any party, and among the preliminary objections available is a motion to strike off a plead-

ing because of lack of conformity to law or rule of court. Since the preliminary objections are a pleading, and since preliminary objections are the means of raising any questions of form with respect to any pleading, preliminary objections are available against preliminary objections filed by another party to the action: Goodrich-Amram, Actions at Law, Preliminary Survey, p. 117. Defendant objects to the preliminary objections of Leon E. Misco, for the reason that they do not conform to the Rule of Civil Procedure governing the signing of pleadings in that they were not signed by plaintiff's attorney of record in his individual name as required by rule 1023(a). This rule provides that every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.

The reason for requiring this signature of the attorney is stated in rule 1023(b), which provides that the signature of an attorney to a pleading constitutes a certificate of the attorney that he has read it, that to the best of his knowledge, information and belief there is good ground to support it, and that it is not interposed for delay.

The preliminary objections filed by additional defendant Leon E. Misco are signed by additional defendant himself and are not signed by his attorney of record in his individual name, even though he is represented by an attorney. Consequently, the preliminary objections of defendant must be sustained and the preliminary objections of additional defendant, Leon E. Misco, be stricken from the record. However, the error committed may be classed as a formal error in the preparation of the pleadings under the new practice and is subject to correction by amendment and leave to amend will be given. See Intercommunication System of America v. Ferguson, 9 Beaver 241 (1947). We are of the opinion that inasmuch as there has been oral argument upon the preliminary objec-

tions of additional defendant, Leon E. Misco, and inasmuch as the error contained in the said preliminary objections is a formal one that may be corrected by amendment, they should be disposed of at this time.

Additional defendant, Leon E. Misco, filed seven preliminary objections to defendant's complaint. The first objection is that paragraph 12 of defendant's complaint fails to set out the amount of snow and ice that was on Rock Street adjacent to the tracks of defendant company, whether the same was on the north or south side thereof, and whether or not the amount was of such quantity as to make driving hazardous. The 12th paragraph of the complaint avers that there was ice and snow on the portion of Rock Street adjacent to the intersection of the said street with the tracks of defendant as aforesaid. In determining whether or not additional defendant is entitled to a more specific complaint, the complaint must be read as a whole. Defendant's complaint in paragraph 17 avers that the automobile, owned and operated by Leon E. Misco, skidded on the ice and snow on Rock Street, and in paragraph 18 it is averred that the ice and snow, upon which the said automobile skidded, was located on that portion of Rock Street immediately north of the intersection of the said street with the tracks of defendant. We are of the opinion that defendant's complaint is sufficiently specific to show that there was snow and ice on that portion of Rock Street immediately north of the tracks of defendant and that it was of sufficient quantity to cause Misco's car to skid. Defendant is not obliged to allege or aver the evidence upon which he expects to prove the allegations in his complaint, but the complaint is sufficient if it alleges statements of fact which are sufficiently definite to fairly apprise defendant of the charges which he will be required to meet at the trial of the case. Considering paragraph 12 in connection with other pertinent paragraphs in defendant's com-

plaint we are of the opinion that the averments are sufficiently definite and that the first preliminary objection of additional defendant Leon E. Misco must be overruled.

The second and third preliminary objections of additional defendant Leon E. Misco complain that paragraphs 24 and 25 of defendant's complaint contain general averments of negligence on the part of Leon E. Misco and that specific statements thereof are demanded. A careful reading of paragraphs 24 and 25 indicates to the court that the averments therein contained are sufficiently specific. These paragraphs may be considered as summations of negligence with which the complaint charges defendant Leon E. Misco. Paragraphs 14, 15, 16, 20 and 23 all aver acts which defendant claims was negligent conduct on the part of additional defendant Leon E. Misco. These paragraphs, read in conjunction with paragraphs 24 and 25 of the complaint, definitely and specifically allege negligent conduct on the part of additional defendant, which fully apprises him of the charges which he must meet on the trial of the case. Therefore, the second and third preliminary objections of additional defendant, Leon E. Misco, must be overruled.

The fourth, fifth, sixth and seventh preliminary objections of Leon E. Misco complain as to the type of allegations contained in paragraphs 25, 26, 27 and 28 of defendant's complaint. These paragraphs aver inconsistent theories of liability and the substance of additional defendant's objections is that defendant must elect which one of the several allegations it intends to rely upon at the trial of the case. Paragraph 25 of defendant's complaint alleges that the accident was caused solely by the negligence of Leon E. Misco. Paragraph 26 alleges that the accident was caused solely by the negligence of the Borough of Shamokin. Paragraph 27 alleges that the accident was caused by either the joint or joint and several negligence of both

Leon E. Misco and additional defendant, Borough of Shamokin, and paragraph 28 avers that after reasonable investigation, defendant has been unable to ascertain which of the inconsistent averments contained in paragraphs 25, 26 and 27 are true but that it has information to form a belief that one of them is true.

Under the Rules of Civil Procedure inconsistent pleading is permitted. Rule 2229 (*b*) provides that a plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative. Rule 2229 (*c*) provides that parties may join or be joined in the alternative although the cause of action asserted by or against any one or more of them is inconsistent with the cause of action asserted by or against any of the others so joined. Rule 1020 (*c*) provides that causes of action and defenses may be pleaded in the alternative. Rule 1024 (*b*) provides that if a pleading contains averments which are inconsistent in fact, the verification of the pleading shall state that the affiant has been unable, after reasonable investigation, to ascertain which of the inconsistent averments, specifying them, are true, but that he has knowledge or information sufficient to form a belief that one of them is true.

While the averments of paragraphs 25 to 28, inclusive, of defendant's complaint are inconsistent, yet, under the authority of the Rules of Civil Procedure stated in the preceding paragraph, defendant has the right to plead in such manner and does not need to elect on which one it will rely at the trial. The manner in which defendant pleads inconsistent pleading and pleading in the alternative is in conformity with the rules, including the verification of defendant's complaint. Therefore the fourth, fifth, sixth and seventh preliminary objections are overruled.

*Order*

And now, to wit, July 12, 1948, the preliminary objections filed by additional defendant, Borough of

Shamokin, to defendant's complaint are sustained with leave to defendant to file an amended complaint within 20 days from this' date. In the event that no such complaint is filed by defendant within such time, judgment will be entered in favor of additional defendant, Borough of Shamokin.

It is further ordered, adjudged and decreed that the preliminary objections filed by additional defendant Leon E. Misco be overruled and dismissed with leave granted said additional defendant to file such pleading as he may deem necessary within 20 days from this date.