## Winters v. Sheporwich

*Fred Winters*, for plaintiff.
*Michael H. Sheridan*, for defendant.

PINOLA, J., May 20, 1952. — Defendant has filed seven preliminary objections but we need consider only the sixth, which reads as follows:

"The bill as filed violates the rules of both the court of this county and the Supreme Court, in that it is filed on behalf of the plaintiff by Fred Winters, who is not a member of the bar of a court of record of either this county or State."

Plaintiff avers that in 1918 a savings account was opened in the Markle Banking and Trust Company of Hazleton in the name of "John Daffner or sister Anne (Anne Daffner)," in which account there remains the sum of $1,883.62.

She also avers that on December 21, 1950, her husband, on her behalf, engaged defendant to perform certain services which are not set forth and paid him a retainer of $250.

In paragraphs 3 to 12, inclusive, plaintiff avers the receipt from defendant and answers sent to him on her behalf, of numerous letters between December 26, 1950, and July 13, 1951.

In paragraph 12 she avers that she revoked the power of attorney in favor of defendant.

In paragraphs 14 and 15 she asserts that although defendant accepted compensation for professional services to be rendered for her according to her husband's instructions, defendant disobeyed those instructions. Therefore she sues "in breach of contract for the joint bank account and . . . additional expenditures." While she does not say so, it is apparent that she claims the bank account because John Daffner died and she is "sister Anne, (Anne Daffner)".

On what theory she claims to be entitled to recover that amount from defendant does not appear nor can we imagine.

She seeks to recover for stenographic service, trans-

portation and expense of some unknown persons from Newark to Stroudsburg and from Newark to Wilkes-Barre, and the sum of $125 for services performed by Fred Winters, her husband, as her attorney-in-fact.

The action, if any, should be at law and not in equity. The bill, if the action were properly in equity, fails to comply with several equity rules. This case clearly points to the futility of permitting pleadings to be prepared by persons inexpert and unlearned in the law and its practice.

While plaintiff may appear in person, if she does not do so, she must engage an attorney-at-law; she may not appear by an agent who is not duly admitted to practice: Cobb v. Judge of Superior Court, 43 Mich. 289, 5 N. W. 309. And, since proceedings initiated by a person unauthorized to practice are a nullity ( Goldstein v. Marriott, 14 D. & C. 635), we must sustain preliminary objection 6.

Accordingly, we enter the following

### Decree

Now, May 20, 1952, it is ordered, adjudged and decreed as follows:

1. Plaintiff's bill is dismissed.
2. Plaintiff shall pay the costs.