Michael Whittington, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, February 13, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Michael Whittington,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 15, 1979:

In this case, Michael Whittington (Whittington) alleges that a detainer lodged against him by the Pennsylvania Board of Probation and Parole (Board) should be quashed or vacated because of certain alleged procedural deficiencies. The Board has denied that it failed to conform to the law with respect to proceedings against Whittington. The matter is before us on cross motions for summary judgment. We are authorized by the provisions of Pa. R.C.P. No. 1035(b) to enter a judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Whittington claims he is entitled to relief because (1) he did not receive a preliminary (detention) hearing within 15 days of the date the Board lodged a parole violation warrant against him, (2) he did not receive a timely revocation hearing and (3) he was denied the effective assistance of counsel.

Parole revocation hearings were instituted against Whittington when he was arrested on December 23, 1976 in Delaware County on new charges while he was on parole and under the Board's jurisdiction. According to the Board's "New Matter" in its answer to Whittington's petition in the instant proceeding, a detention hearing was not held until February 3, 1977. Whittington contends and we agree that where the only violation charged is an arrest for a new criminal offense and the Board proceeds to a detention hearing, that hearing must be held within 15 days. The Board's own regulations at 37 Pa. Code §71.3 prescribe the procedures to be followed in such cases. Specifically, Section 71.3(9) requires the Board to follow the same provisions as those set forth in Section 71.2(1) through (8) where a parole violation warrant is filed on the basis of the parolee's arrest for a new criminal offense

and a detention hearing is held as prescribed by Section 71.3(1)(iv). Section 71.2(3) provides that a preliminary hearing mandated by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) "will be" held within 15 days of either the arrest of the parolee on the Board's warrant or the lodging of the Board's warrant as a detainer at the facility where the parolee is detained.

Obviously, the Board's detention hearing on February 3 was more than 15 days after the detainer was filed on December 23. The Board argues, however, that a hearing under the rules of criminal procedure was afforded to Whittington, thus obviating the need for the Board's own preliminary or detention hearing. Our Court has held that there is no necessity for the Board to conduct a preliminary hearing with respect to new criminal charges where the parolee has been arrested and given a preliminary hearing pursuant to Pa. R. Crim. P. 141 and has been held for trial. *Johnston v. Pennsylvania Board of Probation and Parole*, 34 Pa. Commonwealth Ct. 113, 383 A.2d 233 (1978). The Board has pled in New Matter before us that a preliminary hearing was held on January 26, 1977 at which hearing a prima facie case was established. This fact is not denied by Whittington in any subsequent pleading but in his brief, Whittington says he was given a criminal preliminary hearing on January 5, 1977. The Board in its brief contends that if Whittington was given a criminal preliminary hearing on January 5, then the 15 day limitation has been met.

Our problem, of course, is that the briefs are not pleadings and we are restricted to allegations in the pleadings in determining whether either motion for summary judgment should be granted. We do hold that Whittington was entitled to a preliminary or detention hearing within 15 days of the lodging of the Board's detainer and we further rule that if the Board

relies upon a criminal preliminary hearing to satisfy the provisions of its own regulations, then that criminal preliminary hearing must also be held within that same 15 day period. Because we do not know for certain from the pleadings now before us when the criminal preliminary hearing was held, we cannot grant either motion for summary judgment.

We have no problem with Whittington's other contentions, however. Although he did not receive a full Board revocation hearing until March 9, 1978 which was more than 120 days from the date of his conviction on July 14, 1977, he was not transferred to a State Correctional Institution until December 2, 1977 and therefore was not available to the Board until that date. The hearing on March 9, 1978 therefore complies with the Board's own regulations in 37 Pa. Code §71.4 (2) and the mandates of *Morrissey v. Brewer,* 408 U.S. 471 (1972).

This Court has previously held that the Board is not required to furnish counsel to a parolee in revocation proceedings. *Tate v. Pennsylvania Board of Probation and Parole,* 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979).

Accordingly, except for the factual dispute concerning the date of the preliminary hearing in this case, we would grant the Board's motion. In view of that problem, the attached order will be entered.

ORDER

AND Now, this 15th day of June, 1979, the motions of Michael Whittington and the Pennsylvania Board of Probation and Parole for summary judgment are denied.

The Board is directed to file an affidavit with this Court within 10 days of this date setting forth the correct date of the criminal preliminary hearing afforded

412

to the said Michael Whittington. Whittington may thereafter file a cross affidavit and both parties may then submit supplemental briefs to this Court, all of which shall be done within 30 days of this date.