Earnest Lee THOMAS et al.,
Plaintiffs-Appellants,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, et al.,
Defendants-Appellees.

No. 79–3055.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1979.

Rehearing and Rehearing En Banc
Denied Oct. 17, 1979.

---

Earnest Lee Thomas, pro se.

Johnny Charles Thomas, pro se.

Mark White, Atty. Gen. of Tex., Austin, Tex., for defendants-appellees.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Plaintiffs, state prisoners proceeding pro se, brought this action for alleged violation of their civil rights against various officials of the Texas Department of Corrections (TDC) and a fellow inmate. 42 U.S.C. §§ 1983, 1985, 1986 (1976). This is an appeal of the dismissal of that action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We affirm.

The first issue which we must discuss is jurisdictional and concerns the right of Johnny C. Thomas to be represented in this appeal by his "jail-house lawyer" and co-plaintiff, Earnest Lee Thomas. The complaint in this action alleges violations of the civil rights of both Earnest Lee Thomas and Johnny C. Thomas. It is signed by Earnest Lee Thomas and was submitted to the district court along with a notorized affidavit of Johnny C. Thomas which provides, *inter alia*, that he is a plaintiff in the suit along with Earnest Lee Thomas "who is my jailhouse lawyer." The notice of appeal of the dismissal of this case which was filed in the district court is signed only by Earnest Lee Thomas. Nothing in the record indicates that Earnest Thomas is licensed to practice law in this or any other court. It is well settled that with one narrow exception only licensed lawyers may represent others in court. As this Court has noted:

There is no constitutional guarantee that non-attorneys may represent other people in litigation. There is a narrow exception to this conclusion: a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid to such prisoners in seeking post-conviction relief. *See Johnson v. Avery*, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. This exception results from two factors: (1) special concern for the right to seek the writ of habeas corpus, one aspect of the general rule that individuals deprived of liberty by the state have greater rights to state-supplied attorneys and other necessary aids than parties in private civil litigation; (2) the fact that prisoners are closed off from the rest of society and thus unable to seek out what legal help does exist.

*Guajardo v. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970). This case, although involving prisoners of the state of Texas, does not fall within the narrow exception. The suit contemplates a purely private civil matter not in the nature of post-conviction habeas relief. Accordingly, this Court is without jurisdiction to consider the assertions made on behalf of Johnny Thomas.

We therefore consider only whether the allegations of Earnest Lee Thomas state a cause of action. We hold that they do not.

From the claims of Earnest Lee Thomas, we can discern two arguable grounds for relief. The first concerns his right to present witnesses before a disciplinary committee convened incident to an altercation between appellant and a fellow inmate, Roy Clark. The complaint, after setting out the details of the confrontation provides:

On or about the 20th day of January 1978 plaintiff E. Thomas appeared before the darrington unit disciplinary committee, defendants Mitchell, Stephen and Watson was the members presiding over the disciplinary committee, upon plaintiff requesting for witnesses in his behalf only one witness was called. plaintiff pleaed not guilty to the charge to wit-fighting

without a Weapon. Plaintiff was put in solitary confinement.[1]

In addition, in his "Motion for Leave to Appeal In Forma Pauperis And Affidavit In Support thereof" appellant swears:

> Plaintiff wish to present on appeal this court order dismissing plaintiffs suit. plaintiffs assert that the court error in deny relief that plaintiffs pray for, plaintiff E. Thomas was not involved in a fight with defendant Clerk, defendant Clerk attacked plaintiff E. Thomas which over 50 witnesses can verify that plaintiff E. Thomas did not hit the defendant not one time. . . .

■ The right to call witnesses before a prison disciplinary committee is a "limited right." *Baxter v. Palmigiano,* 425 U.S. 308, 321, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). The Supreme Court in discussing the requirements of due process in the context of prison disciplinary hearings has noted that ". . . the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). The Court rejected the notion that the right to call witnesses was unrestricted:

> "[o]rdinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution.

*Id.* After noting that courts should be loathe to exercise oversight and put aside the judgment of prison administrators, the Supreme Court specifically did not require that disciplinary committees state their reasons for refusing to call a witness. *Id.*

■ In the instant case, appellant has merely alleged that a hearing was held and only one witness was called "in his behalf." He does not tell this Court what witnesses, if any he had requested, nor whether the disciplinary committee furnished any reason for refusing any requested witnesses. Absent specific allegations that the refusal of a disciplinary committee to call witnesses on behalf of the inmate was arbitrary, capricious or an abuse of discretion, the courts are without authority to entertain the issue.

■ The second arguable claim of Earnest Thomas appears in paragraph six of his complaint, which provides:

> Defendant Estelle knew in advance of the defendant Mitchell having writ writters attacked plaintiff via I–127 and memorandums and requested that he Estelle prohibit these attacks he fail to invoke his jurisdiction to stop these attacks.

In order to state a cause of action against prison officials for cruel and unusual punishment under section 1983, more than negligence must be averred. *Fielder v. Bosshard,* 590 F.2d 105 (5th Cir. 1979). There must be some allegation of a conscious or callous indifference to a prisoner's rights. *Id. See Scittarelli v. Manson,* 447 F.Supp. 279 (D.Conn.1978). In the instant case, appellant does not allege the requisite intent on the part of TDC officials and thus, does not state a cause of action under section 1983.[2]

---

1. Grammatical errors permeate plaintiffs' pleadings. Rather than denote each of these errors with a "sic", we reproduce the pertinent portions of plaintiffs' pleadings as filed with the Court.

2. There can be no doubt that if plaintiff alleged that prison authorities had foreknowledge of attacks or threatened attacks on appellant, and had tacitly or expressly approved or participated in the beatings, a cause of action under section 1983 would be stated. In this case appellant seems to allege some foreknowledge on the part of defendant Estelle. The extent or nature of the knowledge communicated via the I–127 form and the memoranda referred to in paragraph six is unclear. The complaint does not set forth the content of these documents nor are they attached. Without some allegation concerning the extent of defendant's knowledge or participation, no cause of action can be sustained.

491

The application of Earnest Lee Thomas for leave to appeal in forma pauperis is granted. In accordance with the foregoing, the granting of the motion for dismissal for failure to state a claim upon which relief can be granted is affirmed.

AFFIRMED.