## Associates Commercial Corporation v. Johnson & Morgan Contractors

*Charles A. Schneider*, for plaintiff.
*John R. Carfley*, for defendant.

BROWN, *P.J.*, August 5, 1981—This matter comes before the court on defendant's petition to set aside execution.

The parties hereto entered into an agreement dated August 30, 1978, which contained a security agreement pledging certain equipment, inventory and accounts receivable. Said agreement was further secured by documents of continuing guaranty executed by the partners in defendant's firm and their respective spouses. Said agreement was further secured by the execution of a collateral security judgment note, dated August 30, 1978, which contained a confession of judgment clause.

On December 26, 1979, plaintiff filed a complaint in confession of judgment whereupon judgment was entered against defendant in the amount of $733,383.75. The complaint was not signed by plaintiff's attorney, but a duly executed and notarized affidavit is attached to said complaint. It further appears that notice of entry of said judgment was sent to defendant partnership on December 31, 1979. Notice of entry of said judgment was not sent to defendant partners as individuals until May 28, 1980.

On August 8, 1980, plaintiff directed the issuance of a writ of execution in the amount of $563,582.72 and directed the Sheriff of Centre County to serve the People's National Bank of Central Pennsylvania, as garnishee, for the purpose of attaching any assets of defendant which were held by said bank. On September 12, 1980, a copy of the writ of execution, together with interrogatories, were served upon People's National Bank whereupon the assets of defendant retained by said bank were attached. The assets total approximately $35,000.

On Septmeber 30, 1980, defendant filed a petition to set aside execution. Defendant alleges that the complaint in confession of judgment is defective in that it lacks the endorsement of an attorney. Defendant further argues that additional collateral retained by plaintiff far exceeds the amount due and warrants the release of the bank account presently under attachment by virtue of the equitable relief provisions of Pa.R.C.P. 3121.

## DISCUSSION

Pa.R.C.P. 2952 provides: "The complaint shall contain the following: . . (i) signature and verification in accordance with the rules relating to the action of assumpsit."

In the rules of procedure relating to actions of assumpsit, Pa.R.C.P. 1023 reads:

"(a) Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. A party not represented by an attorney shall sign his own pleading.

"(b) The signature to a pleading constitutes a certificate that the person signing it has read it, that to the best of his knowledge, information and

belief there is good ground to support it, and that it is not interposed for delay."

In the case sub judice, there is no question that the complaint in confession of judgment was not signed on the line appearing on the complaint for that purpose. As such, it does appear that the complaint violates subsection (a) of the aforementioned rule. The important question is whether a defect of this nature merits the relief requested by defendant.

Subsection (b) of Rule 1023 provides an indication of the purpose to be served by requiring the attorney of record to sign the complaint. The signature constitutes a certificate that there is a sound basis for filing the pleading. In the instant case, although the complaint was not signed by the attorney, plaintiff did properly verify the allegations therein. Thus, the possibility of a spurious judgment being entered was effectively precluded. This is particularly so in the case of a complaint in confession of judgment. It is not served upon a defendant and is not supposed to inform defendant of the factual basis for, and the nature of, the cause of action. No answer is required. Moreover, defendant has not demonstrated any prejudice which resulted from the attorney's failure to sign the complaint. We will, therefore, deny defendant's petition to set aside execution on this ground: Thomas v. Hempt Bros., 62 D. & C. 618 (1948).

Next, defendant argues that we should set aside execution because plaintiff retains other collateral far in excess of the amount of the debt. We have not been able to locate a single case under Pennsylvania Rule of Civil Procedure 3121 which holds this constitutes a proper equitable ground for setting aside an execution. The case of Highway

Equipment Co. v. Hamlin Coal Co., 230 Pa. Superior Ct. 311, 326 A. 2d 570 (1974), is clearly distinguishable. In that case, a default judgment was opened for failure to file a timely responsive pleading. The Clearfield County Court of Common Pleas, however, deferred action on a pending petition to set aside the execution. The Superior Court disagreed by asserting that the order opening the judgment is interlocutory and the court retains the power to control the judgment, garnishments, attachments and executions entered on said judgment. The court could then properly consider the extent of the relief to which the debtors were entitled by determining the assets available to respond to the judgment in addition to funds garnished or attached. In the case at bar, the validity of the underlying judgment has not been attacked. The fact that the creditors have availed themselves of the alternative form of action in replevin to seize equipment in satisfaction of the debt does not provide an equitable ground for releasing other assets. The alternative forms of proceeding against a debtor are rights intended by our rules of procedure to be complementary, not exclusionary. To hold that the institution of an action in replevin against some assets provides a basis for setting aside execution on other assets would emasculate the intent of the drafters of the rules relating to judgment and execution.

Defendant's final contention in the petition to set aside execution is that the post-judgment garnishment proceedings, such as were undertaken in this case, were declared unconstitutional in the case of Finberg v. Sullivan, 634 F. 2d 50 (3d Cir. 1980). In that case, the Third Circuit Court of Appeals held that Pennsylvania's post-judgment garnishment procedures did not provide a judgment-

debtor with notice that certain assets are exempt from execution and failed to provide a prompt post-seizure hearing and adjudication of exemption claims and thus violated the process of law.

We do not feel that Finberg necessarily results in a finding of an invalid garnishment sub judice. The court in Finberg did not address whether or not the holding was to be given retroactive application. Further, unlike Finberg, the debtor in this case does not argue that any of the numerous state and Federal exemptions are applicable to the funds sought to be garnished. Without further direction as to the scope or retroactivity of the Finberg decision, we refuse to set aside execution in the instant case.

## ORDER

And now, August 5, 1981, upon consideration of the foregoing petition to set aside execution, said petition is hereby denied.