527 A.2d 591

Leroy McCain, Petitioner *v.* Gaetano Curione, Warden, Holmesburg Prison, and Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs April 24, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Leroy McCain*, petitioner, for himself.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 12, 1987:

Leroy McCain, Petitioner, has filed a petition for review under this Court's original jurisdiction seeking the removal of a parole violation detainer filed by the Pennsylvania Board of Probation and Parole (Board), and an order of this Court directed to Gaetano Curione, warden of Holmesburg Prison in Philadelphia,[1] allowing

---

[1] Since Curione is not a Commonwealth official, we have no jurisdiction over him. *Cf. Mickens v. Jeffes*, 71 Pa. Commonwealth Ct. 68, 453 A.2d 1092 (1983) (state prison superintendent not an "officer of the Commonwealth" for purposes of Commonwealth Court's original jurisdiction). However, in view of our determination that McCain has failed to state a cause of action in his petition for review, a transfer of the action as to Curione pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a), would serve no

Curione *to release McCain from confinement upon posting of bail.* The Board has filed preliminary objections to McCain's petition for review and McCain has filed a motion for summary relief. It is the Board's preliminary objections and McCain's motion that are currently before the Court.

A brief summary of the facts is helpful in resolving the issues presently before us. McCain was originally sentenced to a term of two and one-half years to ten years as a result of his conviction for Rape.[2] He was granted parole by the Board on that sentence in December, 1984, at which time he was released from the State Correctional Institution at Rockview (SCI-Rockview). On August 13, 1986, McCain was arrested by Philadelphia Police on drug charges and confined in Holmesburg Prison. The Board lodged its warrant and detainer against him on September 25, 1986, as a result of the pending criminal charges. He was afforded a parole Detention Hearing on October 21, 1986, after which the Board ordered him detained pending disposition of the new criminal charges. On November 7, 1986, McCain was given a criminal preliminary hearing at which time a prima facie case was established on the new charges.

In this petition, McCain claims that the Board's order mandating that he be detained pending disposition of criminal charges is invalid due to the fact that his Detention Hearing was held twenty-six days after the parole detainer was lodged, that he claims is a violation of 37 Pa. Code §71.3(9). The Board's preliminary objections seek dismissal of the petition for failure to comply

---

useful purpose. Accordingly, we shall dismiss the petition for review as against both Curione and the Board. *See Gillespie v. Department of Corrections,* Pa. Commonwealth Ct. , A.2d (No. 3458 C.D. 1986, filed June 9, 1987).

[2] 18 Pa. C. S. §3121.

with the rules of procedure and applicable law and also that the petition for review fails to state a cause of action upon which relief can be granted. McCain's motion for summary relief argues that he is entitled to the relief he seeks as a matter of law. We shall first dispose of the Board's preliminary objections.

The Board's initial objection is that McCain's petition for review does not conform to the rules of court. Our review of the pleadings filed by him in this action convinces us that he has complied with the rules of court. Pursuant to Pa. R. A. P. 1502, the exclusive procedure for commencing an action against the Commonwealth in this Court is by a petition for review. The required contents of a petition for review are found in Pa. R. A. P. 1513. A petition for review addressed to this Court's original jurisdiction is required to contain facts necessary to state a cause of action and must be verified. Pa. R. A. P. 1513(e). Referring to the petition for review filed by McCain in this action, we duly note that he has properly identified the respondents, the determination that he seeks to have review of, verified facts that he alleges make out his claim for relief, with a verified statement signed by him. The actual petition for review is obviously signed by McCain's attorney-in-fact, Stanley V. Johnson, with Johnson's initials behind McCain's name. While Johnson, a fellow inmate at Holmesburg Prison, is neither an attorney-at-law nor licensed to practice law in this Commonwealth, we are satisfied that his signing McCain's name to the petition for review is not a fatal error. While the Rules of Appellate Procedure do not specifically require that petitions for review be signed by the party or their attorney, Pa. R. C. P. No. 1023 does require such a signature. Pa. R. A. P. 1517 provides that the procedure relating to pleadings under Chapter 15 of the Rules of Appellate Procedure, pertaining to judicial review of governmental determinations, shall be in accordance with the ap-

propriate Rules of Civil Procedure, so far as they may be applied. Therefore, since the appellate rules do not provide specific or alternative requirements pertaining to the signing of pleadings, the signature requirement of Pa. R.C.P. No. 1023 is applicable to petitions for review.

Generally, a pleading signed by neither a party nor an attorney-at-law is a nullity and may, upon motion, be stricken. *See e.g. Goldstein v. Marriott,* 14 Pa. D. & C. 635 (C.P. Erie 1930). For example, in *Winters v. Sheporwich,* 83 Pa. D. & C. 484 (C.P. Luzerne 1952), the common pleas court struck a complaint that was signed by the plaintiff's husband, who was not licensed to practice law in Pennsylvania. In the federal courts, pleadings not signed by either the party or an attorney-at-law may be stricken. *See People ex rel. Snead v. Kirkland,* 462 F. Supp. 914 (E.D. Pa. 1978); Fed. R. Civ. P. 11. While McCain's petition for review was signed by his attorney-in-fact as opposed to an attorney-at-law, we are convinced that the petition for review need not be stricken. We first note that a violation of Pa. R.C.P. No. 1023 is easily amendable. *Dooley v. Pennsylvania Railroad Co.,* 64 Pa. D. & C. 110 (C.P. Northumberland 1948). We also note that the verified statement that accompanied the petition for review was duly executed by McCain. In *Associates Commercial Corp. v. Johnson & Morgan Contractors,* 19 Pa. D. & C. 3d 387 (C.P. Centre 1981), the common pleas court upheld the validity of a complaint that was not signed by the plaintiff nor by the plaintiff's attorney but where the affidavit attached to that complaint was properly signed and notarized and where no prejudice to the defendant was demonstrated. In view of the ease by which the violation of Rule 1023 may be corrected and the fact that McCain's verified statement was properly executed, we feel the proper course of action here would be to adopt the holding in *Associates Commercial Corp.* and uphold

the petition for review since McCain did properly sign the verified statement and the Board has not alleged any prejudice stemming from McCain's failure to comply with Rule 1023. We do, however, strike from said petition for review, the signature and initials of Stanley V. Johnson, McCain's attorney-in-fact, as a nullity since there is no evidence that he is authorized to practice law within this Commonwealth and is not permitted to represent parties before this Court. *Cf. United States v. Wilhelm*, 570 F.2d 461 (3d Cir. 1978); *United States v. Shimek*, 445 F. Supp. 884 (M.D. Pa. 1978).

McCain's motion for summary relief and the brief in support thereof, however, contain no such verification and are signed by Stanley V. Johnson on behalf of McCain. There can be little doubt that a party does not have a right to be represented by a lay person before the courts. *See United States v. Martin*, 790 F.2d 1215 (5th Cir. 1986); *United States v. Schmitt*, 784 F.2d 880 (8th Cir. 1986); *Thomas v. Estelle*, 603 F.2d 488 (5th Cir. 1979); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); *United States v. Bertolini*, 576 F.2d 1133 (5th Cir. 1978); *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Shimek*. The law is also well-settled that non-lawyers may not represent parties before the courts and most administrative agencies. *See e.g. Shortz v. Farrell*, 327 Pa. 81, 193 A. 20 (1937) (non-lawyers may not represent parties in workmen's compensation proceedings); *Cobb v. Judge of the Superior Court of Grand Rapids*, 43 Mich. 289, 5 N.W. 309 (1880); *Michigan Hospital Association v. Michigan Employment Security Commission*, 123 Mich. App. 667, 333 N.W. 2d 319 (1983) (non-lawyers may not represent parties before administrative bodies). One exception to this rule is found in Section 702 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §862, that pro-

vides that an individual claiming unemployment compensation may be represented before the Department of Labor and Industry, the Unemployment Compensation Board of Review, or a referee, by counsel "or other duly authorized agent." Even in the area of criminal prosecutions, which this instant matter is not, the right to counsel guaranteed by the Sixth Amendment allows a defendant to either be represented by an attorney-at-law or to proceed pro se. *See Weber v. Garza,* 570 F.2d 511 (5th Cir. 1978); *United States v. Arlt,* 560 F.2d 200 (5th Cir. 1977). A party is not permitted to delegate the right to self representation to a lay person. *Wilhelm,* 570 F.2d at 466. *See also United States v. Kelley,* 539 F.2d 1199 (9th Cir. 1976), *cert. denied,* 429 U.S. 963 (1976).

In view of the prohibition against non-lawyers representing parties in judicial proceedings, we are compelled to sustain the Board's challenge to McCain's motion for summary relief and supporting brief as not in conformity with law. In *Winters,* the Luzerne County Common Pleas Court held that proceedings commenced by persons unauthorized to practice law are a nullity. 83 Pa. D. & C. at 486. The Erie County Common Pleas Court reached the same conclusion in *Goldstein.* 14 Pa. D. & C. at 635. In *Thomas,* the Fifth Circuit Court of Appeals held that it was without jurisdiction to consider a civil rights complaint filed on behalf of a prisoner by another prisoner who was not licensed to practice law. 603 F.2d at 489. By that same reasoning, we are convinced that we are without jurisdiction to consider arguments and motions made on behalf of a prisoner in a civil action that are filed by another prisoner who is not licensed to practice law. Accordingly, we shall strike the motion for summary relief and the brief in support thereof filed by Stanley V. Johnson on behalf of McCain.

We next turn to the Board's other preliminary objection, namely that McCain's petition for review fails to

state a claim upon which relief can be granted. The timeliness of Detention Hearings is governed by 37 Pa. Code §71.3(9), which provides:

> (9) Where the Board elects to proceed under paragraph (1)(iv) [relating to probable cause determinations by the Board whether the parolee violated the conditions of parole], the parolee may be arrested and detained prior to the Detention Hearing and the Board will follow the procedures generally contained in §71.2(1)-(8) (relating to procedure for violation of parole conditions), *except that the period of time for conducting the hearing shall be 30 days.* See paragraph (8). Subsequent to the hearing, the Board will determine whether the parolee shall be further detained pending disposition of criminal charges. (Emphasis added.)

Thus, pursuant to 37 Pa. Code §71.3(9), the Board has thirty days, not fifteen days as McCain alleges, in which to provide a parolee detained due to a new criminal arrest with a Detention Hearing. This regulation was amended in 1981 in response to our decision in *Whittington v. Pennsylvania Board of Probation and Parole,* 43 Pa. Commonwealth Ct. 408, 402 A.2d 1105 (1979), upon which McCain relies, to extend the period in which the Board is allowed to hold a Detention Hearing from fifteen days to thirty days. *See* 11 Pa. B. 2478 (1981). The *Whittington* holding that the Board must provide a Detention Hearing within fifteen days was based upon 37 Pa. Code §71.3(9) as it existed prior to 1981 and its rationale and holding is not applicable to the regulation as it presently exists. By McCain's own allegations that are unchallenged by the Board, the Board provided him with the required Detention Hearing twenty-six days after it lodged its warrant and detainer against him on September 25, 1986. That peri-

od of time is well within the thirty day period set forth in 37 Pa. Code §71.3(9). Therefore, the Board has complied with its own regulations and McCain's due process rights have been respected. *See Kunkelman v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 149, 396 A.2d 898 (1979) (Board must comply with its own regulations). As McCain has failed to allege any facts that would entitle him to the relief sought, we shall sustain the Board's demurrer and dismiss his petition for review.

ORDER

NOW, June 12, 1987, upon consideration of Respondents' Preliminary Objections and the Motion for Summary Relief filed on behalf of Petitioner, and the briefs filed in support thereto, the Preliminary Objection in the nature of a motion to strike is sustained insofar as it applies to the Motion for Summary Relief and the brief in support thereof and the same are hereby ordered stricken. Additionally, the Preliminary Objection in the nature of a demurrer to the petition for review is sustained and the petition for review is hereby dismissed.