[No. A036421. First Dist., Div. Three. Feb. 11, 1988.]

CLEAN AIR TRANSPORT SYSTEMS et al., Plaintiffs and Appellants, v.
SAN MATEO COUNTY TRANSIT DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Nancy Jewell Cross, in pro. per., for Plaintiffs and Appellants.

Hanson, Bridgett, Marcus, Vlahos & Rudy, David J. Miller, Robert L. Rusky, Thomas F. Casey III, County Counsel, and Michael P. Murphy, Deputy County Counsel, for Defendants and Respondents.

OPINION

WHITE, P. J.—Plaintiffs and appellants Nancy Jewell Cross and Clean Air Transport Systems appeal from a judgment of dismissal entered after the court sustained respondents' motion to dismiss. We affirm.

I.

Cross brought suit as an individual and on behalf of Clean Air Transport Systems, an unincorporated association. The complaint alleged that San Mateo County did not receive an adequate environmental impact report before it approved the building of a park and ride facility. One of the issues raised by respondents in their demurrer and motion to dismiss was whether Cross could appear in court as the association's representative. The trial court ruled that the association could be represented only by a licensed attorney, and it gave the association and Cross as an individual 20 days leave to amend the complaint. The court subsequently granted the association and Cross an extension of time to amend the complaint, but specified that the complaint "shall not name CLEAN AIR TRANSPORT SYSTEMS as a Plaintiff and Petitioner unless such party is represented by an attorney licensed to practice law in the State of California." Neither the association nor Cross amended the complaint, and the court granted respondents' motion to dismiss and ordered that a judgment of dismissal for respondents be entered.

Cross contends that the court erroneously ruled that she could not represent Clean Air Transport Systems in the litigation.[1] However, authority of the state Supreme Court supports the trial court's ruling. In *Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724 [147 Cal.Rptr. 631, 581 P.2d 636], the court struck down a statute which allowed officers or employees of a corporation to represent the corporation. The court reasoned that a corporation is a distinct legal entity, separate from its shareholders and officers. The rights and liabilities of corporations are distinct from the persons composing it. Thus, a corporation cannot appear in court except through an agent. In purporting to represent the corporation in court, that agent is engaged in the practice of law. Only persons who are active members of the State Bar may practice law. A lay person who purports to represent a corporation is engaged in the unlawful practice of law. (*Id.,* at pp. 729-730.)

---

[1] Although the notice of appeal was filed on behalf of Clean Air Transport Systems and Cross as an individual, Cross does not contest the trial court's ruling with respect to her individual action.

This reasoning applies by analogy to unincorporated associations. "By statute in California, an unincorporated association possesses many characteristics of a legal entity." (6 Witkin, Summary of Cal. Law (8th ed. 1974) § 37, p. 4348.) Witkin lists six attributes of unincorporated associations which illustrate that they are separate and distinct from the individuals who compose them. (*Id.,* at pp. 4348-4349.) For example, an unincorporated association can sue and be sued in its own name and judgments can be enforced only as against its own assets. (*Id.,* §§ 37, 38, pp. 4348-4349.) Therefore, an unincorporated association resembles a corporation more than it does an individual, and the reasoning of *Merco* is apposite.

Cross's arguments are meritless. She claims that the First Amendment right of association enables an unincorporated association to designate whomever it wishes to represent it. However, the *Merco* rule, which ensures that persons who legally represent others are competent to do so and that the general welfare is protected, outweighs any purported infringement on the right to associate. She also contends that because she does not hold herself out as a lawyer and is representing Clean Air Transport Systems without a fee, she is not engaged in the practice of law. Clearly, however, her work in litigating the case against respondents involves the practice of law.

## II.

Respondents request that this court impose sanctions against Cross. Respondents first claim that the appeal is frivolous. However, Cross's contention is not contrary to settled authority. While we find the reasoning of *Merco* applicable by analogy, we have found no direct authority that an unincorporated association must be represented by an attorney, and therefore the claim is legitimately arguable.

The second reason respondents request sanctions is Cross's failure to file an adequate appellant's appendix. Rule 5.1(b) of the California Rules of Court requires an appellant to include "such documents as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised; . . ." Rule 5.1(i)(2) authorizes monetary sanctions if the appendix "is so inadequate that justice cannot be done without requiring inclusion of documents in the respondent's appendix which should have been in the appellant's appendix, or without the court's independent examination of portions of the original record which should have been in the appellant's appendix, . . ."

Cross's appendix did not include respondents' points and authorities in support of their motion to dismiss and their opposition to Cross's motion to

extend time. Cross should have included them in the record and her failure to do so prompted respondents to include them in their own appendix. Nevertheless, we cannot conclude that the omission was of such a grave nature such that "justice cannot be done" without the documents. This court was not required to resort to the omitted documents in resolving the issue presented in this case. Therefore, we decline to impose sanctions against Cross.

The judgment is affirmed.

Barry-Deal, J., and Merrill, J., concurred

A petition for a rehearing was denied March 11, 1988, and appellant's petition for review by the Supreme Court was denied April 27, 1988.