**THE SPIRIT OF THE AVENGER MINISTRIES, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 4, 2000.

Decided Jan. 25, 2001.

Michael T. Orth, petitioner, pro se.

Ronald H. Skubecz, Harrisburg, for respondent.

Before SMITH and KELLEY, Judges, and RODGERS, Senior Judge.

**1.** This matter was reassigned to the author on October 31, 2000.

KELLEY, Judge.[1]

The Spirit of the Avenger Ministries (Ministries) appeals *pro se* from a decision and order of the Board of Finance and Revenue (Board) of the Pennsylvania Department of Revenue (Department). That decision affirmed the decision of the Department's Board of Appeals which, in turn, affirmed the Department's Tax Exempt Unit's (Tax Exempt Unit) denial of the Ministries' application for tax exempt status as a charitable organization under the Institutions of Purely Public Charity Act (Act).[2] We quash the appeal.

As noted in the opinion filed by the Board in this case, the Ministries began operations on November 1, 1997, and it is currently organized as a non-profit association. The order underlying the instant appeal is the Board's affirmance of the denial of the Ministries' application for tax-exempt status.

█ It is well settled that, with a few exceptions not applicable here, non-attorneys may not represent parties before the Pennsylvania courts and most admininstrative agencies. *Shortz v. Farrell,* 327 Pa. 81, 193 A. 20 (1937); *Nolan v. Department of Public Welfare,* 673 A.2d 414 (Pa. Cmwlth.1995), *petition for allowance of appeal denied,* 546 Pa. 650, 683 A.2d 887 (1996); *McCain v. Curione,* 106 Pa. Cmwlth. 552, 527 A.2d 591 (1987). As the instant matter is the Ministries' appeal of the denial of its application, it may not be represented by its pastor, a non-attorney, in this appeal in this Court. *See Smaha v. Landy,* 162 Pa.Cmwlth. 136, 638 A.2d 392, *petition for allowance of appeal denied,* 539 Pa. 660, 651 A.2d 546 (1994) (A non-profit medical corporation must have counsel in order to proceed in a court action as a corporation cannot represent itself.); *Walacavage v. Excell 2000, Inc.,* 331 Pa.Super. 137, 480 A.2d 281 (1984) (A corporation may not appear in court and be

**2.** Act of November 26, 1997, P.L. 508, 10 P.S. §§ 371–385.

represented by a corporate officer and shareholder who is not an attorney.).[3]

■ Thus, this Court is without jurisdiction to consider the claims raised by Pastor Michael T. Orth in the instant appeal as he is not licensed to practice law in this Commonwealth. *McCain; Expressway Associates II.* As a result, the appeal must be dismissed. *See McCain,* 527 A.2d at 594 ("In view of the prohibition against non-lawyers representing parties in judicial proceedings, we are compelled to sustain the Board's challenge to McCain's motion for summary relief and supporting brief as not in conformity with [the] law. In *Winters* [*v. Sheporwich,* 83 Pa. D. & C. 484, 486 (C.P. Luzerne 1930) ], the Luzerne County Common Pleas Court held that proceedings commenced by persons unauthorized to practice law are a nullity ... The Erie County Common Pleas Court reached the same conclusion in *Goldstein* [*v. Marriott,* 14 Pa. D. & C. 635 (C.P. Erie 1930) ]. In *Thomas* [*v. Estelle,* 603 F.2d 488, 489 (5th Cir.1979) ], the Fifth Circuit Court of Appeals held that it was without jurisdiction to consider a civil rights complaint filed on behalf of a prisoner by another prisoner who was not licensed to practice law ... By that same reasoning, we are convinced that we are without jurisdiction to consider arguments and motions made on behalf of a prisoner in a civil action that are filed by another prisoner who is not licensed to practice law ...").

*See also Expressway Associates II,* 34 Conn.App. at 551, 642 A.2d at 66–67 ("We therefore hold that an individual who is not an attorney and who is a general partner of a partnership may not appear and participate, *pro se,* in an appeal on behalf of a general partnership. Because the appeal was filed by [the general partner], *pro se,* on behalf of the partnership, the appeal must be dismissed.") (footnote omitted).[4]

Accordingly, the instant appeal is quashed.

### ORDER

AND NOW, this 25th day of January, 2001, the appeal, at No. 237 F.R.1999, is quashed.

---

**3.** *See also United States v. Cocivera,* 104 F.3d 566 (3rd Cir.1996), *cert. denied,* 520 U.S. 1248, 117 S.Ct. 1861, 137 L.Ed.2d 1062 (1997) (Permitting corporations to be represented by their non-attorney chief executive officer/controlling shareholder in criminal proceedings violated the Sixth Amendment right to counsel even though the officer/shareholder was permitted to proceed *pro se* on the criminal charges lodged against him.); *In re America West Airlines,* 40 F.3d 1058 (9th Cir. 1994) (Non-attorney members of a partnership could not appear in bankruptcy court on behalf of the partnership as corporations and other unincorporated associations must appear in court through an attorney.); *The Church of the New Testament v. United States,* 783 F.2d 771 (9th Cir.1986) (Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons.); *Clean Air Transport Systems v. San Mateo County Transit District,* 198 Cal. App.3d 576, 243 Cal.Rptr. 799, *cert. denied,* 488 U.S. 862, 109 S.Ct. 160, 102 L.Ed.2d 130 (1988) (A member of an unincorporated association who is not an attorney could not represent the association in court.); *Expressway Associates II v. Friendly Ice Cream Corporation of Connecticut,* 34 Conn.App. 543, 642 A.2d 62, *cert. denied,* 230 Conn. 915, 645 A.2d 1018 (1994) (An individual who is not an attorney and who is a general partner of a partnership may not appear and participate, *pro se,* in an appeal on behalf of the partnership.); *State ex rel. Stephan v. Williams,* 246 Kan. 681, 793 P.2d 234 (1990) (A voluntary unincorporated association of individuals without a separate legal status could be represented in court only by a duly licensed attorney admitted to practice law.); *State v. Settle,* 129 N.H. 171, 523 A.2d 124 (1987) (An officer of an unincorporated association, who is not an attorney, may not appear in court on behalf of the association.); *Oregon Peaceworks Green, PAC v. Secretary of State,* 311 Or. 267, 810 P.2d 836 (1991) (The treasurer of a political action committee, a non-attorney, was not empowered to represent the committee before the state courts.).

**4.** Although neither party has raised this issue, this Court has the obligation to raise the issue of its jurisdiction to hear an appeal *sua sponte. Contact II, Inc. v. Pennsylvania Horse Racing Commission,* 664 A.2d 181 (Pa. Cmwlth.1995); *Department of Transportation v. Kmetz,* 129 Pa.Cmwlth. 97, 564 A.2d 1040 (1989), *petition for allowance of appeal denied,* 525 Pa. 638, 578 A.2d 931 (1990).

SMITH, Judge, Dissenting.

The majority quashes this appeal on an issue raised sua sponte by the Court, which has never been addressed by either party. I therefore respectfully dissent. Pastor M. Timothy Orth was permitted to apply for tax-exempt status for the Spirit of the Avenger Ministries (Ministries) before the Board of Finance and Revenue (Board) of the Department of Revenue (Department) as a pro se litigant. He was permitted to appeal pro se the Board's decision to the Department's Board of Appeals, to file pro se a petition for review in this Court and to file pro se a brief in this Court. On May 24, 2000 the Court entered an order requiring that this case be submitted on briefs. The record contains no indication that the need for the Ministries to be represented by an attorney was ever raised. Fundamental fairness requires the Court at this stage to decide the merits of the appeal or in the alternative to afford Pastor Orth an opportunity to respond to the issue raised by the majority or to obtain counsel within a reasonable time period.

As for the merits of the Ministries' petition for review, I would affirm the order of the Board. The Ministries attacks the constitutional validity of the Institutions of Purely Public Charity Act (Act), Act of November 26, 1997, P.L. 508, 10 P.S. §§ 371–385. The Ministries contends that it is being improperly subjected to taxation and that the Act fails to recognize the sovereignty of its church. The Act is firmly grounded in common law. See *Hospital Utilization Project v. Commonwealth*, 507 Pa. 1, 487 A.2d 1306 (1985) (summarizing the 100 years of common law interpretation closely followed by the Act). Its purpose is to provide an objective standard that may be consistently and uniformly applied to any institution seeking exemption from the sales and use tax as a purely public charity. Section 2(b) of the Act, 10 P.S. § 372(b). The Ministries raises no meritorious constitutional challenge to the Act.

The Ministries has refused to provide the information that would allow the Commonwealth or this Court to determine whether it satisfies the uniform standards for a purely public charity established by the Act and by longstanding common law. In order to qualify as a purely public charity, an institution must meet each of the following five criteria: (1) advance a charitable purpose; (2) operate entirely free from private profit motive; (3) donate or render gratuitously a substantial portion of its services; (4) benefit a substantial and indefinite class of persons who are legitimate subjects of charity; and (5) relieve the government of some of its burden. Section 5 of the Act, 10 P.S. § 375; *Hospital Utilization Project*.

The Department does not dispute that the Ministries advances a charitable purpose. However, the Ministries has failed to provide the information necessary to satisfy the remaining four criteria. The Ministries provided no specific information concerning its revenue and expenses, and thus it has not shown that it satisfies the requirement that it operates entirely free from a private profit motive. Regarding the requirement that it donate or render gratuitously a substantial portion of its services, the Ministries asserted in an answer to an interrogatory that its charitable purposes include all of those purposes mentioned in Section 5(b) of the Act, 10 P.S. § 375(b). The Ministries offered no specific details as to what services it provided other than to state that it offers spiritual growth without any tangible goods. The Ministries is located in Pastor Orth's home in which he also operates a travel agency and in which the other officers reside.

Likewise, the record contains no evidence that the Ministries benefits a substantial and indefinite class of persons who are legitimate subjects of charity. Concerning the requirement that the Ministries relieve the government of some of its burden, the Ministries' stated purpose is to promote the teachings of God and Jesus as

expressed in the Bible. This purpose, however laudable, is insufficient to satisfy that criterion. *Scripture Union v. Deitch,* 132 Pa.Cmwlth. 134, 572 A.2d 51 (1990). Thus the Ministries' appeal lacks merit, and the Court should so hold.