**In Re: Petition of LAWRENCE COUNTY TAX CLAIM BUREAU For Sale of Real Estate at Public Sale, Freed and Cleared of Claims, Liens, Mortgages, Charges, and Estates, Except Separately Taxed Ground Rents in Accordance with The Estate Tax Law.**

**Appeal of: NIC Land Co. and Family Way L.P.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 4, 2009.

Decided July 1, 2010.

Pius A. Uzamere, appellant, pro se.

Thomas W. Leslie, New Castle, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Pius A. Uzamere, *pro se*, appeals an order of the Court of Common Pleas of Lawrence County, dismissing his challenge to a proposed judicial tax sale of two properties. The trial court concluded that Uzamere lacked authority to represent a partnership, Family Way L.P., which owned a lienhold interest in the real property being exposed to judicial sale, because Uzamere was not licensed to practice law.

On that basis, the trial court dismissed Uzamere's challenge to the tax sale.

The facts are not in dispute.[1] On February 22, 2008, a rule was issued to the owners and lienholders of a list of real properties in Lawrence County to show cause why the properties should not be sold free and clear of all respective claims, liens, and mortgages. The rule was issued in accordance with Section 610 of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.610, which authorizes a judicial sale when the Tax Claim Bureau has been unable to obtain a sufficient bid at an upset sale.[2] One of the lienholders served was Family Way L.P.

On April 4, 2008, on behalf of Family Way L.P., Uzamere filed objections to the proposed judicial sale of Parcel Nos. 07–079300 and 06–063500, which were deeded to "NIC Land Co." Certified Record at 2, 3 (C.R.——). Uzamere objected to the proposed judicial sale for the reasons that (1) service was not timely; (2) service was not effected in accordance with the Pennsylvania Rules of Civil Procedure; and (3) the amount of overdue taxes owed on Parcel Nos. 07–079300 and 06–063500 was incorrectly stated in the rule to show cause.

On April 15, 2008, the Tax Claim Bureau filed a response. First, it noted that service was governed by Section 611 of the Tax Sale Law, 72 P.S. § 5860.611, not the Pennsylvania Rules of Civil Procedure. The Tax Claim Bureau asserted that the rule had been served by the sheriff or delivered by certified delivery mail, either of which complied with Section 611.[3] Second, the Tax Claim Bureau noted that Uzamere's objection did not allege that the taxes had been paid.

1. Indeed, the Tax Claim Bureau of Lawrence County (Tax Claim Bureau) filed a notice of non-participation on August 4, 2009, expressing its intent not to file a brief.

2. Section 610 states, in relevant part, that the Tax Claim Bureau may file an action with the trial court as follows:

   The bureau shall set forth on the petition (1) the tax claim upon which the property was exposed for sale, (2) that neither the owner, his heirs or legal representatives or any lien creditor, his heirs, assigns or legal representatives or other person interested has caused stay of sale, discharge of tax claim or removal from sale, (3) that the property was exposed to public sale and the date of such sale, (4) that before exposing the property to public sale the bureau fixed an upset price, as herein provided, and (5) that it was unable to obtain a bid sufficient to pay said upset price. Upon the presentation of such petition ... the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents.

   72 P.S. § 5860.610.

3. Section 611 provides as follows:

   Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

   72 P.S. § 5860.611.

The trial court scheduled a hearing on Uzamere's objections for April 21, 2008. Uzamere did not appear at the hearing, and the trial court dismissed the objections. The trial court ordered the judicial sale to take place on April 25, 2008.

On May 6, 2008, Uzamere filed a petition entitled "Anomalies in Processing with Praecipe" with the Prothonotary of Lawrence County, which recited, *inter alia*, that Uzamere did not receive the trial court's hearing order until four days after the hearing. Uzamere also filed a "Motion to Strike and Reconsider the Sale with respect to Parcel Nos. 06–063500 and 07–079300" on behalf of Family Way L.P. Reproduced Record at 20 (R.R. ——). In his Motion to Strike the Sale, Uzamere alleged that the Tax Claim Bureau had not served its response to his objections to the judicial sale upon him and that the Tax Claim Bureau had violated the special rules governing petition practice in the Lawrence County Court of Common Pleas. Uzamere attached an affidavit to the Motion to Strike the Sale in which he averred he was the authorized agent and representative of both NIC Land Company and of Family Way L.P.

In response to these filings, the trial court conducted a hearing on July 28, 2008. Uzamere and the Tax Claim Bureau agreed on one point: that Family Way L.P. held a lien on the property of NIC Land Company. However, the Tax Claim Bureau moved to dismiss Family Way L.P.'s Motion to Strike the Sale because Uzamere was not licensed to practice law. Accordingly, he could not represent NIC Land Company, the owner of the parcels, or Family Way L.P., the lien holder. The Tax Claim Bureau asserted that Family Way L.P.'s general partner was the National Info Corporation, which did business under the fictitious name, Desmoraph Company.

Uzamere opposed the Tax Claim Bureau's motion to dismiss, in part, because the Tax Claim Bureau did not raise the issue of whether Uzamere could represent Family Way L.P. until the day of the hearing. Uzamere also objected to the substance of the Tax Claim Bureau's position. He asserted that he was not representing a corporation but, rather, he was representing himself. He testified that he was the sole owner of NIC Land Company, which he acquired from Desmoraph, the former owner, to settle Desmoraph's debt to Uzamere. Uzamere further asserted that he owned "all the units" of Family Way L.P. and was the general partner. Notes of Testimony, July 28, 2008, at 6 (N.T. ——).

After the hearing, Uzamere filed documents with the trial court, which had been printed out from the website of the Pennsylvania Department of State. The first document showed Uzamere to be the general partner of Family Way L.P., a limited domestic partnership, which was created on January 9, 1997, and was still "active" as of August 20, 2008, the date on which the document was printed. C.R. 16. Uzamere also filed a document showing that NIC Land Company had been registered with the Department of State as an unincorporated association on July 31, 2008. C.R. 17.

On December 15, 2008, the trial court dismissed Uzamere's Motion to Strike the Sale for the reason that Uzamere, a non-attorney, could not represent Family Way L.P. In doing so, the trial court relied upon *The Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130 (Pa. Cmwlth.2001), which concerned the ability of a pastor to represent his church, organized as a non-profit corporation, in court. This Court held that only an attorney could represent the church in its tax assessment appeal. The holding did not con-

cern the representation of partnerships by non-attorneys. However, our opinion cited with approval a Connecticut appeals court holding in *Expressway Associates II v. Friendly Ice Cream Corporation of Connecticut*, 34 Conn.App. 543, 642 A.2d 62 (1994), that a partnership could not be represented in court by a partner, but only by an attorney. On the authority of *The Spirit of the Avenger Ministries* and *Expressway Associates II*, the trial court held that Uzamere could not represent Family Way L.P. in the tax sale proceeding.

Uzamere now appeals to this court, presenting three issues for our consideration.[4] First, on behalf of Family Way L.P., he contends that the trial court erred because there is no statutory or common law that bans him, the sole proprietor of NIC Land Company, which is not a corporation, from representing himself. Further, the Tax Claim Bureau failed to prove that NIC Land Company was a corporation, as opposed to a proprietorship. Second, he contends that the partnership structure of Family Way L.P. was abandoned and all that remains is a sole proprietorship in his name. Third, he contends that the trial court erred because it did not conduct a hearing on the questions he raised regarding the "Anomalies in Processing with Praecipe."

■ We reject Uzamere's arguments to the extent they are based upon the claim that he proved that he is the sole proprietor of NIC Land Company and of Family Way L.P. The evidence does not support this claim. To the contrary, at the hearing Uzamere acknowledged that NIC Land Company was not a sole proprietorship because he offered to "file the sole proprietorship papers ... to [provide more] clarity." N.T. 23; R.R. 82. Likewise, there is no evidence that Family Way L.P. is a proprietorship. Uzamere identified Family Way L.P. as a limited partnership in his Motion to Strike the Judicial Sale and in his objections. In addition, documents from the Department of State that he filed with the trial court after the hearing showed that Family Way L.P. was registered as a domestic limited partnership from 1997 through August 20, 2008, and that Uzamere was its general partner.

■ Pennsylvania law is generally clear that a corporation may not appear in a court of law unless represented by an attorney. *The Spirit of the Avenger Ministries*, 767 A.2d 1130.[5] Strangely enough, the question of whether this principle applies with equal force to a partnership has not been addressed in Pennsylvania.

4. In tax sale cases, the Court's review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *In the Matter of Tax Sale of 2003 Upset*, 860 A.2d 1184, 1187, n. 2 (Pa.Cmwlth.2004).

5. In *Harkness v. Unemployment Compensation Board of Review*, 591 Pa. 543, 920 A.2d 162 (2007), the Pennsylvania Supreme Court held that in some circumstances a corporation can be represented by a non-attorney. The Supreme Court held that a non-attorney representing a corporation at an unemployment compensation proceeding was not engaged in the unauthorized practice of law. The Supreme Court explained that what constitutes the practice of law is to be determined on a case-by-case basis, noting that advancement of the public interest was the focus, "both in terms of the protection of the public as well as in ensuring that the regulation of the practice of law is not so strict that the public good suffers." *Id.* at 551, 920 A.2d at 167. An unemployment compensation proceeding is routine and resolves factual issues, as opposed to intricate legal questions. The proceedings are heard by a referee in an administrative hearing where the rules of evidence are relaxed, and there is no right to discovery. Accordingly, the Supreme Court concluded that a non-lawyer could represent a corporation in an unemployment proceeding.

We begin with a review of the cases relevant to partnerships. The Pennsylvania Superior Court has explained that there is a difference between a corporation and a partnership. It explained:

> We deem it to be the law in Pennsylvania and the approved opinion in most other jurisdictions that a *partnership is not recognized as an entity like a corporation*, that it is not a legal entity having as such a domicile or residence separate and distinct from that of the individuals who compose it. It is rather a relation or status between two or more persons who unite their labor or property to carry on a business for profit

*Continental Casualty Company v. Pro Machine*, 916 A.2d 1111, 1119 (Pa.Super.2007) (emphasis added). In accordance with this recital of partnership principles, the Superior Court held that a partner, who was in an accident while driving his personal motorcycle, was entitled to underinsured motorist benefits under a policy owned by the partnership, if the accident occurred while he was acting on behalf of the partnership.

▮ However, there are differences between a limited partnership and other partnerships.

> The limited partnership has been described as a hybrid—it is neither a partnership (as that term is usually defined) nor a corporation, though it bears a strong resemblance to both. Limited partnerships are sometimes designated as a "quasi-corporate entity" that can act only through a statutorily designated representative, the general partner.

59A Am Jur 2d *Partnership* § 782 (2003) (footnotes omitted). In *Penn Towers Associates, LP v. Commonwealth*, 866 A.2d 1205 (Pa.Cmwlth.2005), we explained that "limited partnerships are entities separate from their partners and [t]ransfers between these entities and their partners are fully taxable." *Id.* at 1207 n. 4 (quoting 61 Pa.Code § 91.154 (amended 2007)). Thus, in the realm of taxation, a limited partnership is considered to be a legal entity that is separate from its partners.

The Pennsylvania Revised Uniform Limited Partnership Act provides that a limited partnership is comprised of one or more general partners. 15 Pa.C.S. § 8533(a).[6] Further, the general partner has unlimited liability for the obligations of the partnership. 15 Pa.C.S. § 8533(b).[7] By contrast, limited partners, who are not also general partners, are not liable for the obligations of the limited partnership. 15 Pa.C.S. § 8523(a).[8]

The Pennsylvania Rules of Civil Procedure are also instructive on the question of whether a general partner may proceed *pro se* on behalf of a partnership. Rule

---

**6.** It states, in relevant part, that "a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners." 15 Pa.C.S. § 8533(a).

**7.** It states:

> Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as otherwise provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to other partners.

15 Pa.C.S. § 8533(b).

**8.** It states:

> A limited partner is not liable, solely by reason of being a limited partner, under an order of a court or in any other manner, for a debt, obligation or liability of the limited partnership of any kind or for the acts of any partner, agent or employee of the limited partnership.

15 Pa.C.S. § 8523(a).

2126 defines "partner" to be "only a general partner or a limited partner who has become subject to the liability of a general partner." PA. R.C.P. No. 2126. The rules authorize a partnership to "prosecute [a right of action] in the names of the then partners trading in the firm name." PA. R.C.P. No. 2127(a). Likewise, an action may be brought against a partnership by naming "one or more partners as individuals trading as the partnership." PA. R.C.P. No. 2128(a). In sum, the rules establish that a "partner" is an individual who bears unlimited liability for the partnership obligations and, as such, is authorized to prosecute and defend actions arising from the partnership's activities.

The right of an individual to represent himself in criminal proceedings was well recognized in the American Colonies. *Faretta v. State of California*, 422 U.S. 806, 826, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that a defendant's right to counsel includes the right to self-representation without legal assistance). The principle of self-representation was contained in William Penn's Charter of Privileges and later incorporated into Pennsylvania's 1776 Constitution. *Id.* at 828, 829, n. 37, 38, 95 S.Ct. 2525. Indeed, self-representation was not considered inferior to the right of assistance of counsel. *Id.* at 833, 95 S.Ct. 2525. The right of self-representation in criminal matters, however, does not necessarily extend to civil cases; it depends upon state law. *See* Nina Ingwer VanWormer, *Help at Your Fingertips: A Twenty–First Century Response to the Pro Se Phenomenon*, 60 VAND. L. REV. 983 (2007). Pennsylvania's Judicial Code has guaranteed individuals a right of self-representation in civil matters. Section 2501(a) states:

> In all civil matters before any tribunal every litigant shall have a right to be heard, by himself and his counsel, or by either of them.

42 Pa.C.S. § 2501(a).

A partnership is not a natural person, but a partner is a natural person. Uzamere, in his individual capacity, can be held liable for all the rights and obligations of Family Way L.P. because he is the general partner.[9] Further, he is expressly authorized by the Pennsylvania Rules of Civil Procedure to prosecute a partnership matter in his own name or in the name of the partnership. Uzamere did not file his objections and Motion to Strike the Sale in his own name as general partner of Family Way L.P.; however, this is easily amendable. Indeed, the Tax Claim Bureau itself has observed that the Rules of Civil Procedure do not strictly apply to proceedings under the Tax Sale Law. In short, the trial court erred in holding that Uzamere could not proceed *pro se* to stop the sale of real property in order to protect the asset of a partnership for which he serves as general partner. Uzamere, in effect, is acting to protect his own interests as an individual "trading in the firm name." PA. R.C.P. No. 2127(a).

Accordingly, the order of the trial court dismissing Uzamere's Motion to Strike the Sale is vacated and the matter remanded for consideration of the merits of his objections and his Motion to Strike the Sale.

### ORDER

AND NOW, this 1st day of July, 2010, the order of the Court of Common Pleas of Lawrence County, dated December 15, 2008, is hereby VACATED and the matter

---

**9.** An individual who is a limited partner, however, cannot proceed in his individual capacity on behalf of a partnership. The limited partner's liabilities are not co-extensive with those of the partnership, as is the case for a general partner.

is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.