# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamestown Condominium, an
unincorporated association

          v.

Pinchas "Pete" Sofayov, Susan
Sofayov, and Alan Frank, trading and
doing business as S.P.S. Real Estate,
L.P., a Pennsylvania Limited
Partnership

          v.

Robert B. Keddie, Patricia M.
Gallagher and Robert Stevenson

Appeal of:  Alan Frank, trading and
doing business as S.P.S. Real Estate,
L.P., a Pennsylvania Limited
Partnership

:
:
:
:
:
:
:
:
:
:
:
:
:
:   No. 2642 C.D. 2015
:   Submitted:  January 13, 2017
:
:
:
:
:
:
:
:
:

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER         FILED:  February 22, 2017

Alan Frank (Frank), trading and doing business as S.P.S. Real Estate, L.P., a

Pennsylvania Limited Partnership (S.P.S.), appeals from the November 17, 2015

Order of the Court of Common Pleas of Allegheny County (common pleas) that

sustained one of the preliminary objections (POs) to S.P.S.'s "Third Amended Complaint to Join Additional Defendants" (Third Amended Complaint to Join) and dismissed that complaint without prejudice. The Third Amended Complaint to Join sought to join Robert B. Keddie, Patricia M. Gallagher, and Robert Stevenson (collectively, Additional Defendants) to ongoing litigation, in which S.P.S. and Frank are defendants. This PO challenged, pursuant to Rule 1028(a)(2) of the Pennsylvania Rules of Civil Procedure (Civil Rules), Pa. R.C.P. No. 1028(a)(2) (failure to conform to rule of law), and Allegheny County Local Rule (Local Rule) No. 200(2),[1] the ability of Frank, who is not currently licensed to practice law,[2] to represent S.P.S. based on his status as S.P.S.'s general partner. On appeal, Frank argues that the Order is a collateral order over which this Court has jurisdiction to consider, and common pleas abused its discretion in dismissing the Third Amended Complaint to Join based on Local Rule No. 200(2) because it is contrary

---

[1] Local Rule No. 200(2)-(3) provides, in relevant part:

(2) Except as otherwise provided by subdivision (3), a corporation, partnership or unincorporated association must be represented by an attorney.

(3) A corporation, partnership or unincorporated association may be represented by an officer or by a partner in the following actions:

    (a) a civil action brought in or appealed to this Court in which the relief sought is monetary damages which do not exceed the jurisdictional limit for an action before a Magisterial District Judge.
    (b) an appeal from a judgment entered in a Magisterial District Court in an action for the recovery of the possession of real property.

Alleg. Co. L.R. No. 200(2)-(3).
[2] Frank's law license currently is suspended.

to this Court's decision in <u>In re Lawrence County Tax Claim Bureau</u>, 998 A.2d 675 (Pa. Cmwlth. 2010) (<u>Lawrence County</u>).[3]  Because we conclude that the Order is a collateral order, subject to this Court's immediate review, and that common pleas' reliance on Local Rule No. 200(2) is contrary to <u>Lawrence County</u>, we reverse and remand for further proceedings.

We set forth a brief recitation of the facts relevant to this current appeal.[4] This matter arises over an ongoing controversy between Jamestown Condominium, an unincorporated association (Jamestown), S.P.S. and S.P.S.'s general partner Frank and limited partners Pinchas "Pete" Sofayov and Susan Sofayov, over the non-payment of, *inter alia*, condominium fees and attorneys' fees related to the litigation over the unpaid condominium fees.[5]  Gallagher was president of Jamestown until she was voted off of Jamestown's Board.  Keddie was Jamestown's attorney until he was named as an additional defendant.  Stevenson is Jamestown's managing agent.  Litigation over payment of condominium fees commenced in 2011, with Jamestown filing a complaint before a Magisterial District Judge.  Ultimately, this matter reached common pleas in 2013, wherein Jamestown filed a first amended complaint and second amended complaint, the latter of which S.P.S. sought to strike as being, *inter alia*, improperly filed and

---

[3] Frank filed an "Application to Strike" with this Court on May 6, 2016.  This application contains more than 300 pages of materials originally filed with common pleas in the course of the underlying litigation, including S.P.S.'s "Motion to Strike Second Amended Complaint," Jamestown's response thereto, various orders of common pleas, and various motions and responses of the parties throughout the litigation.  Thus, it does not appear that this is a request for relief from this Court and we will not treat it as such.

[4] This Court described the full history of this highly contentious matter in its opinion in a prior appeal involving this litigation in <u>Jamestown v. Sofayov</u> (Pa. Cmwlth., No. 1459 C.D. 2014, filed July 30, 2015).

[5] By order dated August 5, 2016, this Court precluded Jamestown and the Sofayovs from participating in this appeal for failing to file briefs.

fraudulent. In addition to the unpaid condominium fees and assessments, Jamestown sought to recover over $79,000 in attorneys' fees from S.P.S. based on its interpretation of the fee-shifting provisions of Jamestown's Code of Regulations.

On June 17, 2014, Frank, for S.P.S., filed a third party complaint to join Additional Defendants. After several sets of preliminary objections and amended complaints, the current Third Amended Complaint to Join[6] was filed. Therein, Frank asserted, among other things, that if S.P.S. "is obligated to pay the damages claimed [by] Jamestown" "the Additional Defendants are liable over to Jamestown because of their willful and malicious misconduct committed in bad faith, as described herein," and if S.P.S. must "pay Jamestown for legal services and other unlawful assessments, the Additional Defendants are obligated to pay said amounts directly to Jamestown." (Third Amended Complaint to Join ¶¶ 76-77.) The Third Amended Complaint to Join asserts multiple counts against Additional Defendants and avers that damages are due to both S.P.S. and Frank.[7] Additional Defendants

---

[6] The Third Amended Complaint is at pages 101a to 138a of the Reproduced Record.

[7] Count I requests equitable relief in the form of an order compelling Keddie to disgorge his legal fees (Third Amended Complaint to Join ¶¶ 78-89); Count II requests injunctive relief in the form of an order striking the currently filed Second Amended Complaint from the record and directing that the "original" Second Amended Complaint be filed of record (id. ¶¶ 90-95); Count III requests injunctive relief in the form of "an order compelling [A]dditional [D]efendants to apply S.P.S.'s past and future common and reserve payments to [its] common and reserve account" (id. ¶¶ 96-99); Count IV requests injunctive relief in the form of "an order compelling [A]dditional [D]efendants to cease and desist executing Jamestown's new leasing policy" (id. ¶¶ 100-15); Count V requests injunctive relief in the form of "an order compelling [A]dditional [D]efendants to make Jamestown's electronically stored information and attorney related documents available for inspection" (id. ¶¶ 116-23); Count VI requests injunctive relief in the form of a "request for [the] appointment of a temporary receiver" (id. ¶¶ 124-38); Count VII asserts a claim for civil conspiracy by Additional Defendants (id. ¶¶ 139-49); Count VIII asserts an abuse of process claim (Third Amended Complaint to Join ¶¶ 150-59); Count IX contends that Additional Defendants interfered with S.P.S.'s contractual rights (id. ¶¶ 160-64); and Count

*(Continued…)*

4

filed multiple POs, including a PO that the Third Amended Complaint to Join did not conform to rule of law, Pa. R.C.P. No. 1028(2), because S.P.S. must be represented by a licensed attorney pursuant to Local Rule No. 200(2) and was not.

Common pleas concluded that Local Rule No. 200(2) requires that a partnership must be represented by an attorney, and Frank was not currently licensed to practice law in Pennsylvania. Therefore, common pleas sustained the PO and dismissed the Third Amended Complaint to Join without prejudice to be refiled presumably by an attorney. Common pleas made "no ruling as to the additional preliminary objections of the Additional Defendants and Additional Defendants[] . . . may raise any appropriate preliminary objections should any amended complaint to join be filed on behalf of S.P.S." (Common pleas Order (footnote omitted).) Frank filed a motion to reconsider, citing Lawrence County, in which this Court held that a general partner of a limited partnership can litigate pro se on behalf of the partnership. Lawrence County, 998 A.2d at 680. Common pleas did not act upon the motion for reconsideration or address Lawrence County when it issued its February 29, 2016 opinion in support of its Order. Rather, common pleas held that Local Rule No. 200(2) was consistent with decisional law requiring that corporations be represented by licensed counsel. (Common pleas op. at 4 (citing Walacavage v. Excell 2000, 480 A.2d 281 (Pa. Super. 1984)).)

---

X asserts a claim for conversion (id. ¶¶ 165-70). A number of these counts also assert claims by Frank himself in addition to claims by S.P.S. According to Frank, at least four of the equitable counts have been rendered moot due to an alleged recent settlement agreement between Jamestown's new Board and S.P.S./Frank. (Frank's Br. at 10; Application for Relief, January 10, 2017.) Frank filed an Application for Relief with this Court on January 10, 2017, requesting that we approve the partial settlement between Jamestown's new Board and S.P.S./Frank and the discontinuance of the claims set forth in Jamestown's Second Amended Complaint. By Order dated January 12, 2017, we denied the Application for Relief.

Common pleas explained that, when it issued the Order, it anticipated that a licensed attorney would re-file the Third Amended Complaint to Join and that the matter would proceed more easily if S.P.S. was represented by a licensed attorney. (Common pleas op. at 6.)  Frank filed an appeal of the November 17, 2015 Order on December 14, 2015, which is now before this Court.[8]

On appeal, Frank first asserts that the Order is appealable pursuant to, *inter alia*, Rule 313 of the Pennsylvania Rules of Appellate Procedure (Appellate Rules), Pa. R.A.P. 313, because it is an appealable collateral order.[9]  Frank argues that the Order is an appealable collateral order because it is separable from and collateral to the main cause of action, Frank's and S.P.S.'s right to self-representation is too important an issue to be denied review, and if review is postponed until after final judgment, their right to self-representation is irreparably lost.  Additional Defendants also assert that the Order is appealable as a collateral order under Rule 313.

Ordinarily, an appeal may be filed as of right only from a final order.  Rule 341 of the Appellate Rules, Pa. R.A.P. 341 ("an appeal may be taken as of right from any final order . . . .").  An order sustaining preliminary objections, but giving the party "leave to file an amended complaint, is *generally* considered to be interlocutory and not a final, appealable decree."  Hionis v. Concord Twp., 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009) (emphasis added); Mier v. Stewart, 683 A.2d 930 (Pa. Super. 1996).  However, these cases did not involve the right of a party to

---

[8] "Where a [court of common pleas] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion."  Kittrell v. Watson, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

[9] By order dated March 3, 2016, we directed the parties to address the appealability of common pleas' Order.

self-representation. Rule 313 of the Appellate Rules provides that "[a]n appeal may be taken as of right from a collateral order," which "is an order [that is] separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313; see also Rae v. Pa. Funeral Dirs. Ass'n, 977 A.2d 1121, 1125 (Pa. 2009). "[T]he collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral." In re Estate of Rowley, 84 A.3d 337, 340 (Pa. Cmwlth. 2013).

The first requirement, separability, is met where review of the order in question does not implicate the merits of the underlying dispute. Ben v. Schwartz, 729 A.2d 547, 551-52 (Pa. 1999). In resolving this question, we consider whether the issue involved in the Order "can be addressed without analysis" of the underlying allegations against Additional Defendants. Id. at 552. After review of the allegations of the underlying dispute set forth in the Third Amended Complaint to Join and the Order, which essentially addressed who would be permitted to file the Third Amended Complaint to Join and represent S.P.S. and Frank in the litigation, we conclude that the issue in the Order "can be addressed without analysis" of the merits of the underlying dispute. Id.

As for the other two requirements, we also conclude that the right of a party to proceed pro se in litigation is a right that is too important to be denied review and that this right would be irreparably lost if review was delayed until final judgment. Section 2501(a) of the Judicial Code provides that "[i]n all civil matters before any tribunal every litigant shall have a right to be heard, by himself and his

7

counsel, or by either of them." 42 Pa. C.S. § 2501(a). This right, as discussed *infra*, has been applied to limited partnerships. Lawrence County, 998 A.2d at 680. Moreover, our Supreme Court has recognized that

> the right to represent one's self is effectively lost if not immediately vindicated. The harm in erroneously denying a party leave to proceed pro se is that it injures his/her dignity and autonomy, and this harm cannot be repaired after a judgment on the merits. Moreover, this harm exists quite apart from any prejudice a party might incur from trying his/her case with an unwanted attorney.

Com. v. Wright, 78 A.3d 1070, 1079 (Pa. 2013) (internal quotation marks and citation omitted). Accordingly, because this Order would require a party to give up its right to self-representation in order to file an amended complaint, we find this Order to be a collateral order subject to immediate appeal under Rule 313.

On the merits of the appeal, Frank argues that, pursuant to this Court's decision in Lawrence County, Section 2501 of the Judicial Code, and various Civil Rules, a limited partnership can be represented by its general partner and, therefore, common pleas' application of Local Rule No. 200(2) to dismiss the Third Amended Complaint to Join is contrary to law. He further asserts that Rule 239(f) of the Civil Rules, Pa. R.C.P. No. 239(f), which provides that "[n]o civil action or proceeding shall be dismissed for failure to comply with a local rule," precludes the application of any local rule that results in the dismissal of a civil action.

Gallagher and Stevenson[10] argue that common pleas has the authority to make rules for the operation of its own court system and those rules are valid

---

[10] Stevenson joins in Gallagher's brief and his brief "restates much of the brief of . . . Gallagher as his own submission." (Stevenson's Br. at 4.)

8

unless they are contrary to the rules promulgated by the Supreme Court, <u>Murphy v. Armstrong</u>, 622 A.2d 992, 994 (Pa. Super. 1993), and there is no Supreme Court precedent that permits a limited partnership to be represented by its general partner. They assert that <u>Lawrence County</u> is distinguishable and its holding should not apply in Allegheny County, where Local Rule No. 200(2) requires partnerships to be represented by a licensed attorney except in limited circumstances. Gallagher and Stevenson also contend that Rule 239(f) of the Civil Rules is inapplicable because it is meant "'to address the injustice of terminating a lawsuit where the breach of a local procedural rule affected the substantive rights of a party.'" (Gallagher's Br. at 10 (quoting <u>In re Conservatorship Proceeding In Rem by Germantown Conservancy, Inc.</u>, 995 A.2d 451, 460 (Pa. Cmwlth. 2010) (<u>Germantown Conservancy, Inc.</u>).) Thus, where a local rule does not require automatic dismissal of the complaint, and Local Rule No. 200(2) does not, it does not violate Rule 239(f) of the Civil Rules. Common pleas did not preclude S.P.S. from pursuing the Third Amended Complaint to Join, it merely required it to obtain representation from a licensed attorney in order to do so.[11]

"A local rule will be invalidated if it abridges, enlarges, or modifies substantive rights of litigants." <u>Germantown Conservancy, Inc.</u>, 995 A.2d at 461.

---

[11] Keddie offers no argument in support of the dismissal of the Third Amended Complaint to Join based on Local Rule No. 200(2), but argues that Additional Defendants are entitled to the dismissal thereof for a variety of alternative grounds that are supported in the record. Frank responds, in his reply brief, that if the Court reaches Keddie's POs, they should be dismissed. However, the Supreme Court held in <u>Rae</u> that an appellate court's review under the collateral order doctrine is performed on an issue-by-issue basis and *only* issues that meet the requirements of a collateral order may be addressed. <u>Rae</u>, 977 A.2d 1130. The only matter at issue in the Order was whether Frank could represent S.P.S.; common pleas concluded that he could not, and this is the only issue involved in this *limited* appeal. Therefore, we cannot address Keddie's or Frank's requests that we consider the underlying merits of Additional Defendants' POs.

Moreover, local rules are invalid where they are contrary to the rules promulgated by the Supreme Court or *when the enforcement of those rules violate the* Constitution or *laws of the Commonwealth* or United States." Id. (emphasis added); see also Grossman v. Mitchell, 435 A.2d 1280, 1282 (Pa. Super. 1981) (stating that local courts have the inherent power "to formulate their own rules of practice and procedure providing the rules are neither unreasonable nor contrary to existing laws"). "The application, construction, and interpretation of local rules of court are matters primarily to be determined by the trial court promulgating the rule, and this Court will only interfere where the trial court commits an abuse of discretion." Reaves v. Knauer, 979 A.2d 404, 414 (Pa. Cmwlth. 2009). An abuse of discretion is the exercise of "judgment that is manifestly unreasonable, arbitrary or capricious, or *fails to apply the law*, or was motivated by partiality, prejudice, bias or ill will." James Corp. v. N. Allegheny Sch. Dist., 938 A.2d 474, 483 n.7 (Pa. Cmwlth. 2007) (emphasis added).

In Lawrence County, this Court considered, for the first time, whether a partnership could "appear in a court of law [without] . . . an attorney." Lawrence County, 998 A.2d at 678. In that case, the general partner of a limited partnership, who was not licensed to practice law, attempted to represent the limited partnership in a proceeding in a court of common pleas to strike the tax sale of the limited partnership's properties. The local tax claim bureau moved to dismiss the motion to strike because the general partner could not represent the limited partnership in a court of law. The court agreed and dismissed relying on The Spirit of the Avenger Ministries v. Commonwealth, 767 A.2d 1130 (Pa. Cmwlth. 2001) (holding that pastor could not represent his church, which was organized as a non-profit corporation, in court), and Expressway Associates II v. Friendly Ice Cream

10

Corporation of Connecticut, 642 A.2d 62 (Conn. App. Ct. 1994) (stating that a partnership could not be represented by a partner in court). Lawrence County, 998 A.2d at 677-78.

The general partner appealed, and we reversed. In doing so, this Court reviewed various statutes, case law, and secondary sources related to partnerships, and limited partnerships in particular, and observed that partnerships are not recognized as separate entities like a corporation is, a limited partnership can only act through its designated agent (the general partner), and the general partner can be liable for the obligations of the limited partnership. Lawrence County, 998 A.2d at 679. We also reviewed Rules 2126, 2127(a) and 2128(a) of the Civil Rules, Pa. R.C.P. No. 2126, 2127(a), 2128(a),[12] and found them "instructive on the question of whether a general partner may proceed pro se on behalf of a partnership." Lawrence County, 998 A.2d at 679. We concluded that

> [i]n sum, the rules establish that a "partner" is an individual who bears . . . liability for the partnership obligations and, as such, is authorized to prosecute and defend actions arising from the partnership's activities.

Id. at 680. Finally, we considered that Section 2501 of the Judicial Code "guarantee[s] individuals a right of self-representation in civil matters." Id. Ultimately, we held that although a partnership is not a natural person, its partner

---

[12] Rule 2126 defines "partner" as "only a general partner or a limited partner who has become subject to liability of a general partner." Pa. R.C.P. No. 2126. Rule 2127(a) states that "[a] partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.'" Pa. R.C.P. No. 2127(a). Rule 2128(a) provides that "[a]n action against a partnership may be prosecuted against one or more partners as individuals trading as the partnership in the manner designated by Rule 2127(a), or against the partnership in its firm name." Pa. R.C.P. No. 2128(a).

11

is, and because the general partner could be "held liable for all the rights and obligations" of the limited partnership and was authorized to "prosecute a partnership matter in his own name or in the name of the partnership," the court erred in holding that the general partner could not proceed pro se in an attempt to stop the sale of an asset of the limited partnership and was "in effect, . . . acting to protect his own interests as an individual 'trading in the firm name.'" Id. (quoting Pa. R.C.P. No. 2127(a)).

Although common pleas, in its Opinion, justified the application of Local Rule No. 200(2) to sustain the PO because it comports with the well-accepted principle that *corporations* must be represented by an attorney, Local Rule No. 200(2) applies not only to corporations, but also to partnerships. As recognized in Lawrence County, there are legal distinctions between corporations and partnerships, and limited partnerships in particular, that permit limited partnerships to be represented, pro se, by their general partners. Lawrence County, 998 A.2d at 679-80. S.P.S. is not a corporation; it is a limited partnership. Gallagher and Stevenson argue that Lawrence County is distinguishable because it involved a tax sale; however, our analysis was not based on the particular type of legal proceeding before the court but on the general principles of partnership. Pursuant to Lawrence County, S.P.S. can be represented pro se in a court of law by Frank, its general partner, who is acting both to protect the assets of the limited partnership and "his own interests as an individual 'trading in the firm name.'" Id. at 680. Prohibiting a limited partnership from being represented by its general partner based on Local Rule No. 200(2) is inconsistent with Lawrence County, and this Court's interpretation of Section 2501 of the Judicial Code and Rules 2127(a)

12

and 2128(a) of the Civil Rules and the PO should not have been sustained or the Third Amended Complaint to Join dismissed on this basis.

For the foregoing reasons, we reverse common pleas' Order and remand for further proceedings.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamestown Condominium, an : 
unincorporated association : 
                        : 
           v.                 : 
                        : 
Pinchas "Pete" Sofayov, Susan : 
Sofayov, and Alan Frank, trading and : 
doing business as S.P.S. Real Estate, : 
L.P., a Pennsylvania Limited : 
Partnership : 
                        : 
           v.                 :     No. 2642 C.D. 2015
                        : 
Robert B. Keddie, Patricia M. : 
Gallagher and Robert Stevenson : 
                        : 
Appeal of: Alan Frank, trading and : 
doing business as S.P.S. Real Estate, : 
L.P., a Pennsylvania Limited : 
Partnership : 

# O R D E R

NOW, February 22, 2017, the Order of the Court of Common Pleas of Allegheny County, entered in the above-captioned matter, is hereby **REVERSED**, and the matter is **REMANDED** for further proceedings.

Jurisdiction relinquished.

 

_____

**RENÉE COHN JUBELIRER,** Judge