2022 PA Super 173

| | | |
|---|---|---|
| DELAWARE VALLEY LANDSCAPE STONE, INC., ITS ASSIGNEES AND NOMINEES | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| RRQ, LLC, ALLAN J. NOWICKI AND THE ALLAN J. NOWICKI AND DIANNE M. NOWICKI FAMILY TRUST | : : : : : : | No. 2103 EDA 2021 |
| APPEAL OF: THE ALLAN J. NOWICKI AND DIANNE M. NOWICKI FAMILY TRUST | : : : : | |

Appeal from the Judgment Entered October 8, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2020-04002

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

OPINION BY NICHOLS, J.:                    **FILED OCTOBER 13, 2022**

Appellant Allan J. Nowicki and Dianne M. Nowicki Family Trust, designated as Appellant or Trust herein as appropriate for ease of discussion, appeals from the judgment entered in favor of Appellee Delaware Valley Landscape Stone, Inc. that included the cancelling of a deed that Appellant had recorded.  We strike Appellant's brief and direct Appellant to retain counsel to pursue this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The underlying facts of this case are well known to the parties. ***See*** Trial Ct. Op, 12/9/21, at 1-5. Briefly, on May 20, 2020, Appellant recorded a deed purporting to convey title to the subsurface rights in and under a parcel of real property (the Property) from co-defendant RRQ, LLC to Appellant. On June 12, 2020, Appellee purchased the Property at sheriff's sale. Subsequently on August 11, 2020, Appellee filed a quiet title action seeking, among other things, to strike the May 20, 2020 deed. Appellee's complaint named Appellant Trust, RRQ, LLC, and Allan J. Nowicki (collectively "Defendants") as defendants.[1]

Appellee obtained a default judgment against Defendants on February 11, 2021. On February 22, 2021, Allan Nowicki, filed a *pro se* petition to strike/open default judgment on behalf of Defendants.[2] The trial court denied that petition on August 16, 2021, but it did not address whether Allan Nowicki had engaged in the unauthorized practice of law. On October 8, 2021, the trial court entered final judgment in favor of Appellee, striking the May 20, 2020 deed.

---

[1] In addition to being sued in his personal capacity, co-defendant Allan Nowicki is also the sole member of RRQ, LLC and a co-trustee of Appellant. Appellant's other co-trustee, Dianne M. Nowicki, was not named personally as a defendant in this case.

[2] Specifically, Nowicki begins his petition to strike/open default judgments as follows: "and now, Allan J. Nowicki, sole-member of RRQ, LLC, co-trustee of the Allan J. Nowicki and Dianne M. Nowicki Family Trust[,] and Allan J. Nowicki personally files Defendants['] petition to strike/open default judgments entered against them on February 11, 2021 . . . ." Pet. to Strike/Open Default Judgments, 2/22/21, at 1 (unpaginated) (formatting altered).

On October 12, 2021, Allan Nowicki and Dianne Nowicki (collectively "Trustees") filed a *pro se* notice of appeal on behalf of Appellant in their capacity as Appellant's trustees. The Trustees filed a *pro se* court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued an opinion addressing the Trustees' issues. While the trial court acknowledged that Trustees were proceeding *pro se* with this appeal, it did not address whether the Trustees engaged in the unauthorized practice of law. **See** Trial Ct. Op., 12/9/21, at 8 n.5.

On April 27, 2022, Appellee filed an application to quash in this Court, arguing that Trustees were engaged in the unauthorized practice of law. Trustees filed a response in which they claimed that a trustee may represent a trust *pro se*.

Appellant raises the following issues for our review, which we summarize as follows:

1. Did the trial court err in denying Appellant's request to strike the default judgment?

2. Did the trial court err in denying Appellant's request to open the default judgment?

3. Did the trial court err in deciding the final judgment?

Appellant's Brief at 6.

Before we reach the merits of Appellant's claims, we first address Appellee's application to quash. Appellee argues that a non-attorney trustee may not represent a trust. App. to Quash, 4/27/22, at 2 (citing, *inter alia*, **Commonwealth v. Woodland Trust**, Nos. 963 CD 2007, 971 CD 2007, 2008

WL 9408011 (Pa. Cmwlth. filed July 15, 2008) (*per curiam*) (unpublished mem.)).[3] Appellee argues that Trustees are not attorneys, and that their representation of the Trust constitutes the unauthorized practice of law, therefore, their filings are legal nullities. *Id.* Appellee continues that this Court does not have jurisdiction to review a legal nullity, and that this Court should quash the appeal. *Id.* at 2-3.

In response, Trustees concede that they are not licensed to practice law in Pennsylvania. Ans. to App. to Quash, 5/18/22, at 1 (unpaginated). However, Trustees argue that a trustee can represent a trust *pro se*. *Id.* at 2 (unpaginated) (citing *Straban Twp. v. Hanoverian Trust*, 1935 CD 2015, 2016 WL 4937885 (Pa. Cmwlth. filed Sept. 16, 2016) (unpublished mem.)).

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." *Kapcsos v. Benshoff*, 194 A.3d 139, 141 (Pa. Super. 2018) (citation omitted).

Section 2501 of the Judicial Code guarantees an individual's right to self-representation in civil matters. *See* 42 Pa.C.S. § 2501(a) (stating that "[i]n all civil matters before any tribunal every litigant shall have a right to be heard, by himself and his counsel, or by either of them"); *see also In re Lawrence Cty. Tax Claim Bureau*, 998 A.2d 675, 680 (Pa. Cmwlth. 2010). However,

---

[3] Although decisions of the Commonwealth Court are not binding on this Court, they may provide persuasive authority. *See Maryland Cas. Co. v. Odyssey*, 894 A.2d 750, 756 n.2 (Pa. Super. 2006). This includes unpublished panel decisions of the Commonwealth Court filed after January 15, 2008. *See* Pa.R.A.P. 126(b).

it well settled that, with certain exceptions, non-attorneys may not represent other parties before Pennsylvania courts. *See, e.g.*, *Dauphin County Bar Ass'n v. Mazzacaro*, 351 A.2d 229, 233-35 (Pa. 1976) (holding that a public adjuster may not represent accident victims in settlement negotiations against alleged tort-feasors or their insurers); *Kohlman v. W. Pennsylvania Hosp.*, 652 A.2d 849, 852 (Pa. Super. 1994) (holding that a power of attorney does not authorize a non-lawyer to represent plaintiff in a medical malpractice action). Further, the unauthorized practice of law is prohibited and criminalized in Pennsylvania. *See* 42 Pa.C.S. § 2524(a).

Additionally, the courts of this Commonwealth have stated that artificial entities, such as corporations, may only appear in court through counsel. *See, e.g.*, *Norman for Est. of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1121 (Pa. Super. 2019) (concluding that a non-attorney administrator of an estate could not represent the estate *pro se*), *appeal denied*, 223 A.3d 668 (Pa. 2020), *cert. denied*, 141 S.Ct. 301 (2020); *The Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1130-31 (Pa. Cmwlth. 2001) (*Spirit*) (*sua sponte* quashing an appeal in which a non-attorney pastor sought to represent a non-profit association); *Walacavage v. Excell 2000, Inc.*, 480 A.2d 281, 283-85 (Pa. Super. 1984) (holding that a corporation may not appear in court and be represented by a corporate officer and shareholder who is not an attorney); *cf. Lawrence Cty. Tax Claim Bureau*, 998 A.2d at 679-80 (concluding that the general partner could

represent the limited partnership *pro se* because the general partner shares all of the partnership's liabilities).

As discussed above, the Commonwealth Court has considered cases in which trustees represented a trust *pro se* in two unpublished decisions. However, this appears to be a question of first impression before this Court.

In **Woodland Trust**, two trusts which owned real property in Sharon Hill Borough were fined after being found in violation of a borough ordinance.[4] **Id.**, 2008 WL 9408011, at *1. The trustee then filed "*pro se*" notices of appeal. **Id.** The Commonwealth filed a motion to dismiss, arguing that because the trustee was "neither a party to the proceedings nor an attorney licensed to practice law in this Commonwealth[,]" the Commonwealth Court lacked jurisdiction. **Id.** The Commonwealth Court concluded that it lacked jurisdiction and quashed the appeals because the trustee had engaged in the unauthorized practice of law when he filed the notices of appeal. **Id.** at *2 (citing, *inter alia*, **Spirit**, 767 A.2d at 1130-31).

**Straban Township** also involved a trustee's "*pro se*" appeal on behalf of a trust. **Id.**, 2016 WL 4937885 at *1. In that case, the trial court concluded that a business trust, like a corporation, may not appear in court without counsel and ordered the defendant trust to the obtain counsel. **Id.** at *1, 3. Later, the trial court concluded that the "trustee" failed to create a valid trust

---

[4] The trustee of both trusts sought to represent the trusts *pro se* before the court of common pleas. **Woodland Trust**, 2008 WL 9408011, at *1. The trial court denied the trustee's request to represent the trusts, but it permitted him to testify as a fact witness. **Id.**

because there was a defect in the trust documents. *Id.* at *3-4. Therefore, the trial court concluded that because a valid trust had never been created, the "trustee" still owned the subject property, and he could therefore proceed *pro se* in his individual capacity as owner. *Id.* The trial court noted that if the owner were to create a valid trust in the future, that trust would have to be represented by a licensed attorney. *Id.* at *3.

On appeal, the Commonwealth Court agreed that the property owner failed to create a valid trust. *Id.* at *4. However, the Commonwealth Court concluded that "the issue of whether [the owner] may represent the non-trust is moot" and vacated the trial court's order "to the extent it holds that a business trust must be represented by counsel" because it was merely advisory. *Id.* Further, the **Straban Township** Court declined to address the question of whether a trustee could represent a trust "*pro se*" because that question was not ripe for review and was "best addressed in the context of a live controversy." *Id.*

In other jurisdictions, courts have held that a trustee who is not an attorney may not represent a trust in legal proceedings.[5] **See, e.g.**, **Braxton v. City of Boston**, 138 N.E.3d 440, 443-44 (Mass. App. Ct. 2019) (concluding that a non-attorney trustee cannot represent the trust *pro se*, but declining to quash because the trustee subsequently retained counsel to represent the

_____

[5] This Court may rely on the decisions of other states for persuasive authority. **See Hill v. Slippery Rock Univ.**, 138 A.3d 673, 679 n.3 (Pa. Super. 2016) (noting that "the decisions of other states are not binding authority for this Court, although they may be persuasive" (citation omitted)).

trust on appeal); ***EHQF Trust v. S & A Capital Partners, Inc.***, 947 So.2d 606, 606-07 (Fla. Dist. Ct. App. 2007) (*per curiam*) (observing that "a trustee cannot appear *pro se* on behalf of the trust, because the trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law" and ordering the trust to retain counsel (citations omitted)); ***Ziegler v. Nickel***, 75 Cal.Rptr.2d 312, 315 (Cal. Ct. App. 1998) (holding that "[t]he actions of the trustee affect the trust estate and therefore affect the interest of the beneficiaries. A non-attorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law" (citation omitted)).

Based on the foregoing, we conclude that by representing Appellant Trust, Trustees have engaged in the unauthorized practice of law. ***See, e.g.***, ***Woodland Trust***, 2008 WL 9408011, at *2; ***Walacavage***, 480 A.2d at 283-85; ***Braxton***, 138 N.E.3d at 443-44; ***EHQF Trust***, 947 So.2d at 606-07; ***Ziegler***, 75 Cal.Rptr.2d at 315; ***accord Norman***, 208 A.3d at 1121 (concluding that a non-attorney administrator engaged in the unauthorized practice of law by representing the estate *pro se*).

In light of this conclusion, we must consider the effect of Trustees' unauthorized practice of law on the instant appeal. Our Supreme Court recently examined, as a matter of first impression, whether a "pleading filed by a person engaged in the unauthorized practice of law is void [*ab initio*] or voidable[.]" ***Bisher v. Lehigh Valley Health Network***, 265 A.3d 383, 397, 401 (Pa. 2021) (footnote omitted). The Supreme Court explained that a court

would lack subject-matter jurisdiction over a pleading that was void *ab initio*, but "the voidable approach suggests that the complaint had vitality and the trial court had the authority to act upon it." ***Id.*** at 400-01.

In ***Bisher***, the plaintiffs filed a *pro se* complaint raising wrongful death claims, alleging that medical malpractice resulted in their son's death. ***Id.*** at 388-89. Additionally, the decedent's mother, acting as the administrator of the decedent's estate, pled a survival action on behalf of the estate. ***Id.*** At some point during these proceedings, the father executed a power of attorney purportedly authorizing the mother to appear in court on his behalf. ***Id.*** at 394.

On appeal, this Court issued an order prohibiting the mother from filing any papers on behalf of the father or the estate because she was not an attorney, and directing her to retain counsel for the estate. ***Id.*** Although the mother complied with the ruling, this Court relied on ***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1056 (Pa. Super. 2017) (***Jablonski***), to conclude that because the mother engaged in the unauthorized practice of law, all of her "filings on behalf of the estate were legal nullities, void *ab initio*." ***Bisher***, 265 A.3d at 394 (formatting altered). Therefore, having concluded that the mother's filings were legal nullities, this

Court quashed the appeal with respect to the estate's claims for lack subject-matter jurisdiction.[6] *Id.*

Our Supreme Court reversed, concluding that "[b]ecause the participation of a non-attorney has no connection to the classes of cases that a court may hear, . . . that the unauthorized practice of law is not a subject-matter jurisdiction issue" and "disapprove[d] of *Jablonski* and other cases to the extent they suggest the unauthorized practice of law implicates subject-matter jurisdiction*." **Id.* at 406.

As to whether the mother's pleadings were void *ab initio* or voidable, the *Bisher* Court examined decisions by courts from several other states. *Id.* at 401-05. Ultimately, our Supreme Court agreed with the approach taken by courts in states such as California, Florida, and Massachusetts, which had concluded that filings by individuals engaged in the unauthorized practice of law are voidable, but curable. *Id.* at 403-05.

Specifically, the *Bisher* Court stated:

[T]he participation of a non-attorney is properly characterized as a technical defect. Our courts have long embraced the view that technical defects should not frustrate the goal of adjudicating cases on the merits. We find these precepts apply to whether a court can allow pleadings rendered defective because they were filed by non-attorneys to be cured, especially in light of Rule [of Civil Procedure] 126.

---

[6] This Court also quashed the appeal regarding the parents' *pro se* wrongful death claims because it concluded that it lacked jurisdiction over those claims for reasons which are not relevant to the instant appeal. *Bisher*, 265 A.3d at 394-95. Our Supreme Court also reversed that portion of this Court's decision quashing with respect to the parents' *pro se* claims. *Id.* at 406-07, 406 n.14.

*Id.* at 407; ***see also*** Pa.R.C.P. 126 (stating that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties").

Finally, the **Bisher** Court explained:

> Significantly, we stress that we decide **only** that the court has the discretion to permit a remedy in . . . situations [involving the unauthorized practice of law], not that it must do so. The default position in such cases should be that the offending party should be given a "reasonable opportunity" to cure. But we are not convinced that the rule is absolute. As Massachusetts recognized, there may be cases in which the unauthorized practice of law is an attempt to game the system.

**Bisher**, 265 A.3d at 409; ***see also Norman***, 208 A.3d at 1117-18 (affirming the dismissal of the complaint where the trial court ordered *pro se* administrator of the plaintiff estate to obtain counsel within sixty days, and granted the defendants' motion to dismiss after the administrator failed to comply with the order to obtain counsel).

With respect to the mother's unauthorized practice of law, the **Bisher** Court concluded that this Court took appropriate action in ordering the mother to cease her actions and retain counsel because courts may *sua sponte* intervene to prevent further unauthorized practice of law. **Bisher**, 265 A.3d at 406. However, the Supreme Court cautioned that this intervention "does not extend to undoing what had already transpired at the trial court level." *Id.* The Supreme Court further noted that if the mother had refused to hire

an attorney, it would be appropriate for this Court to dismiss all of the appellate claims relating to the father and the estate. **Id.**

In light of **Bisher**'s holding that the unauthorized practice of law does not implicate this Court's jurisdiction, we conclude that our Supreme Court has disapproved of **Spirit** and **Woodland Trust** to the extent that they quashed the appeals for lack of jurisdiction. **See id.** (disapproving of **Jablonski** "and other cases" that suggested "the unauthorized practice of law implicates subject-matter jurisdiction"). Therefore, we deny Appellee's application to quash because the notice of appeal Trustees filed on behalf of Appellant is not a nullity, nor does it prevent this Court from exercising jurisdiction over the instant appeal.

However, this Court may *sua sponte* prohibit the further unauthorized practice of law and permit Appellant a reasonable opportunity to cure before dismissing this appeal. **See id.** at 406-09; **see also Norman**, 208 A.3d at 1117-18. For these reasons, we strike the brief that Trustees filed on behalf of Appellant Trust. Trustees are prohibited from filing any further papers with this Court on behalf of the Trust. We direct Appellant to retain counsel who shall enter an appearance on behalf of Appellant within sixty days from the date of this opinion. At the time counsel enters their appearance, they shall request a new briefing schedule. Failure to comply with this Court's directives may result in dismissal of the appeal.

Appellee's application to quash denied. Appellant's brief stricken. Appellant to retain counsel within sixty days. Panel jurisdiction retained.