IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick McCamey, and :
All Others Similarly Situated, :
                  Petitioners :
                   :
          v. :
                   :
PA. Dept. of Corrections, R. Westover, :
B. Urben,[1] : No. 500 M.D. 2020
          Respondents : Submitted: December 30, 2021


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge[2]
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: March 14, 2022

Before this Court are the preliminary objections (Preliminary Objections) filed by the Pennsylvania Department of Corrections, R. Westover (Westover), and B. Urban (Urban)[3] (collectively, DOC) to Patrick McCamey's (McCamey) pro se petition for review (Petition)[4] filed in this Court's original jurisdiction. After review, this Court sustains DOC's Preliminary Objections and dismisses McCamey's Petition.

---

[1] According to Pennsylvania Department of Corrections, the correct spelling is B. Urban. *See* DOC Br. at 4 n.1.

[2] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[3] The record does not include R. Westover's or B. Urban's first names.

[4] It appears that McCamey intended that his Petition be in the nature of a request for a preliminary injunction.

## Background[5]

McCamey is an inmate at the State Correctional Institution at Houtzdale (SCI-Houtzdale) serving a life sentence without the opportunity for parole. McCamey must "research and work on his [active Post Conviction Relief Act (PCRA)[6] appeal] to combat a life without parole sentence[,]" Pet. ¶ 8; *see also* Pet. ¶¶ 2, 5, 9-10, 14, because his appeal counsel has been ineffective.[7] Due to COVID-19 (COVID) protocols, access to SCI-Houtzdale's law library has been reduced, and prioritized for inmates with filing deadlines and/or PCRA or habeas corpus petitions due within 30 days. *See* Pet. ¶¶ 3, 12. In some instances, McCamey's access was limited to two to four one-hour sessions per month, which is inadequate for him to litigate his appeal. *See* Pet. ¶¶ 8, 11.

On June 14, 2020, McCamey filed Grievance #873415 (Grievance), wherein he requested: "Immediate law library time. At least [three] hours a week so that [he] may catch up on the missed time. And that [SCI-Houtzdale] cease hindering his right to access the court."[8] Pet. Ex. A at 1; *see also* Pet. ¶¶ 1, 12-13. McCamey's father confirmed for him that DOC has not prohibited all law library access, but "is still permitting access to the law library on a regular basis." *Id.*

On June 25, 2020, McCamey received an Initial Review Response to his Grievance, in which the Grievance Officer explained:[9]

---

[5] All facts are as alleged in the Petition.

[6] 42 Pa.C.S. §§ 9541-9546.

[7] On June 22, 2020, McCamey filed a Motion for Leave to Amend Appellant Brief and Compel Counsel (Motion) in the Pennsylvania Superior Court regarding his criminal case. By June 25, 2020 order, the Superior Court directed the prothonotary to forward the Motion to McCamey's counsel, and mandated that counsel "shall consult with [McCamey] concerning amendments to his appellate brief." Pet. Ex. G at 1; *see also* Pet. ¶ 2.

[8] McCamey also demanded that SCI-Houtzdale staff undergo constitutional rights training, and preserved a request for monetary relief in the event his PCRA petition is time-barred. *See* Pet. Ex. A at 1.

[9] The Grievance was "reviewed by" Westover. Pet. Ex. B at 1.

[SCI-]Houtzdale [l]aw [l]ibrary is operating under COVID[] directives, including social distancing. Acting Chief Counsel Holmes, in a memo to the inmate population dated 3/22/20[20], outlined the need to limit the amount of physical interaction due to [] COVID. In accordance to [sic] his direction, [l]aw [l]ibrary services have continued at [SCI-]Houtzdale. The memo also goes on to state ways in which access will be prioritized and that all individuals who cannot meet deadlines because of this situation may seek extensions of time with the courts to meet those deadlines. Deadlines, PCRA, and [w]rits of [h]abeas [c]orpus are provided priority access during COVID.

At the time of this [G]rievance investigation, 6/25/20[20], you have not provided the [SCI-]Houtzdale [law] [l]ibrary with a verified court ordered deadline. However, [l]aw [l]ibrary attendance records show that you have been afforded access to the physical [l]aw [l]ibrary on 5/12[/2020], 5/19[/2020], 5/26[/2020], 6/9[/2020], 6/14[/2020], and 6/15[/2020].

In addition to the physical law library, you are also able to request [c]ase [l]aw and copying services through a DC-135A Request to Staff with a signed cash slip. There are no records of you requesting [c]ase [l]aw or copying services through the [law] [l]ibrary.

Records indicate that you are being afforded access to the courts and since you have not provided library staff with verification of a deadline, no further relief is due.

Pet. Ex. B at 1. McCamey appealed from the June 25, 2020 Initial Review Response.

*See* Pet. Ex. C.

On July 6, 2020, the Facility Manager's Appeal Response upheld the June 25, 2020 Initial Review Response, stating:

The Grievance Officer appropriately addressed all issues contained in the [G]rievance. Your appeal is contending the response and you base that off what you claim you "think" to be false and the facts not being true. You also place personal opinions in the appeal to support your [G]rievance, which ha[ve] no relevance to the original

3

> response. There is no merit to this appeal as it relates to the response provided. The Investigating Officer has appropriately addressed all of your issues listed in the original [G]rievance. Your appeal does not show any violations of policy or procedures in handling the matter, and the response provided has appropriately addressed all of your concerns.

Pet. Ex. D at 1. McCamey further appealed from the Facility Manager's July 6, 2020 Appeal Response. *See* Pet. Ex. E.

In a July 28, 2020 Final Appeal Decision, the Chief Grievance Officer again upheld the Initial Review Response, declaring:

> A review of the record found that the Grievance Officer thoroughly investigated your claims and provided you with a detailed response. It is noted that as of 6/25/2020, you had not provided the library [staff] with a verified court-ordered deadline to validate your claims. It is also noted that your [G]rievance is dated 6/14/2020, and you attended the law library on 5/12/2020, 5/19/2020, 5/26/2020, 6/9/2020, 6/14/2020, and 6/15/2020. This information does not support your claim that you have been denied attendance. You fail to provide any evidence to substantiate your allegations. Your [G]rievance and requested relief are denied.

Pet. Ex. F at 1.

On August 27, 2020, McCamey filed the Petition seeking preliminary injunctive relief, claiming that DOC violated his rights, and the rights of all others similarly situated, under the United States (U.S.) and Pennsylvania Constitutions by not providing adequate access to SCI-Houtzdale's law library.[10]

On October 13, 2020, DOC filed a Request to File Preliminary Objections *Nunc Pro Tunc*,[11] and DOC's proposed Preliminary Objections, wherein

---

[10] McCamey also filed an Application to Proceed *In Forma Pauperis*, which this Court granted on September 9, 2020.

[11] DOC counsel (Counsel) represented: "[C]ounsel inadvertently calendared the due date for the wrong date, and as such, the [Preliminary Objections were] regrettably, late." DOC Request to File Preliminary Objections *Nunc Pro Tunc* at 2.

DOC argued: McCamey failed to effectuate service of the Petition on Westover, Urban, and the Pennsylvania Office of Attorney General (Office of Attorney General) (First Preliminary Objection); McCamey cannot bring an action on behalf of all others similarly situated (Second Preliminary Objection); and McCamey has failed to adequately state a claim upon which relief may be granted for inadequate law library access (Third Preliminary Objection). On October 14, 2020, this Court granted DOC's Request to File Preliminary Objections *Nunc Pro Tunc*, thereby accepting DOC's Preliminary Objections as timely filed.[12]

On November 4, 2020, this Court ordered McCamey to serve the Petition on Westover, Urban, and the Office of Attorney General within 14 days and submit proof thereof, or the Court would sustain the First Preliminary Objection. McCamey complied with the Court's service Order and, on December 7, 2020, this Court overruled DOC's First Preliminary Objection, and directed DOC to file a brief in support of the remaining Preliminary Objections, and McCamey to file his brief in opposition to the remaining Preliminary Objections. DOC timely filed its brief. On March 31, 2021, McCamey filed a Response to DOC's Preliminary Objections, but did not file an opposing brief.[13]

---

[12] On September 14, 2020, McCamey filed a Request for Immediate Injunction, seeking to have his mail processed despite that he had insufficient funds for postage to properly effectuate service on the necessary parties. McCamey had filed a grievance on the same subject, to no avail. On October 14, 2020, DOC filed its Response to McCamey's Request for Immediate Injunction, therein asserting that McCamey's Monthly Account Statement "reveal[ed] that [McCamey] did, in fact, have sufficient funds, but chose to spend his money elsewhere" and, if McCamey "believed that he was not able to make proper service, he ha[d] the option of requesting an extension of time to do so." DOC Response to Request for Immediate Injunction at 2. On October 19, 2020, this Court denied McCamey's Request for Immediate Injunction.

[13] McCamey requested and received four extensions to file an opposing brief. Because he had yet to file an opposing brief, on September 15, 2021, this Court ordered that if McCamey did not file an opposing brief on or before September 30, 2021, the Court would proceed without it. McCamey did not file an opposing brief.

5

## Discussion

The law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a] complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

In the instant matter, because this Court has already overruled DOC's First Preliminary Objection, only the Second and Third Preliminary Objections remain at issue.

## Second Preliminary Objection

In its Second Preliminary Objection, DOC asserts that McCamey cannot bring an action on behalf of all others similarly situated. DOC contends that, as a non-attorney, McCamey cannot represent other similarly situated inmates in this

6

action. DOC cites *The Spirit of the Avenger Ministries v. Commonwealth of Pennsylvania*, 767 A.2d 1130, 1130 (Pa. Cmwlth. 2001) ("It is well settled that, with a few exceptions not applicable here, non-attorneys may not represent parties before the Pennsylvania courts and most administrative agencies."), to support its position. DOC declares:

> Although there is no prohibition with [McCamey] filing this Petition on his own behalf, he lacks standing to act as a class action representative on behalf of other inmates because he is not licensed to practice law in this Commonwealth as each individual's need to attend [the] law library differs based on their individual court deadlines.

*See* Prelim. Obj. ¶ 14.

In response, McCamey explains that he made his claim on behalf of others similarly situated to impress upon the Court that its decision would affect more than just him. *See* McCamey Resp. to Prelim. Obj. ¶ 1. McCamey further claims that the similarly situated circumstances are satisfied here.[14] *Id.* ¶¶ 2-3, 5.

Because McCamey is not an attorney, he cannot represent all others similarly situated in this action. Accordingly, DOC's Second Preliminary Objection is sustained.

**Third Preliminary Objection**

In its Third Preliminary Objection, DOC argues that, "[i]nsofar as McCamey is attempting to assert an access to courts claim via his limited use of the law library, he does not adequately state a claim upon which relief can be granted."

---

[14] McCamey requests: "[S]hould this [C]ourt not be able to make a ruling for all other[s] similarly situated[,] then to please allow [McCamey] the opportunity to amend his initial [Petition] as he is pro se and without counsel." McCamey Resp. Prelim. Obj. ¶ 4; *see also id.* at Ad Damnum Clause. However, in light of the Court's disposition of this appeal, McCamey's request is moot.

7

Prelim. Obj. ¶ 16; *see also* DOC Br. at 7. Specifically, DOC contends that, although inmates have a constitutional right to meaningful access to law libraries and legal materials, to state a viable access to courts violation claim, McCamey must allege an actual injury resulting from prison officials frustrating or impeding his non-frivolous legal claim, which McCamey has not done.

"Under the First and Fourteenth Amendments [to the U.S. Constitution, U.S. Const. amends. I, XIV], prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008);[15] *see also Morales v. Wetzel*, 519 F. Supp. 3d 186, 191 (E.D. Pa. 2021). The U.S. Supreme Court has explained:

> In *Bounds v. Smith*, 430 U.S. 817 . . . (1977), we held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*.[] at 828 . . . .

*Lewis v. Casey*, 518 U.S. 343, 346 (1996).[16] "In the cases to which *Bounds* traced its roots, we had protected that right by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents . . . ." *Lewis*, 518 U.S. at 350. To that end, the *Lewis* Court upheld that prison officials must

---

[15]     [W]hile decisions of the [U.S.] Supreme Court interpreting federal statutes are binding on this Court, the same is not true of decisions by the lower federal courts. *See Krentz v. Consol. Rail Corp.*, . . . 910 A.2d 20, 33 n.15 ([Pa.] 2006) ("The decisions of the [U.S.] Supreme Court interpreting federal statutes are binding on this Court."); *Hall v. Pa. Bd. of Prob. & Parole*, . . . 851 A.2d 859, 865 . . . ([Pa.] 2004). This does not mean we are compelled to ignore on-point Third Circuit decisions or, for that matter, decisions of any federal court of appeals, interpreting a federal statute. To the contrary, such decisions in factually similar cases with persuasive legal analysis may inform our disposition of the matter before us.

*Cole v. Pa. Dep't of Env't Prot.*, 257 A.3d 805, 813 (Pa. Cmwlth. 2021).
     [16] *Lewis* abrogated *Bounds*.

ensure that inmates "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id*. at 356.

> The [U.S. Supreme] Court in *Lewis* made clear the right recognized in *Bounds* is the right of "*access to the courts*" and not "an abstract, freestanding right to a law library or legal assistance." [*Lewis*, 518 U.S. at 351.] "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" [*Id*. at 351 (quoting *Bounds*, 430 U.S. at 825]. "[B]ounds does not guarantee inmates the wherewithal to transform themselves into litigating engines . . . ." [*Lewis*, 518 U.S. at 355].

*Snider v. Pa. Dep't of Corr.*, 505 F. Supp. 3d 360, 434 (M.D. Pa. 2020) (footnotes omitted).

The *Lewis* Court recognized: "Although *Bounds* itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite." *Lewis*, 518 U.S. at 351. Thus, the *Lewis* Court ruled:

> Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *id*., at 823 . . . (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the [law] library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351. Accordingly, for an inmate to state a valid claim for denial of access to the courts, the law requires an actual injury caused by official acts.

9

In the instant matter, the Petition and the attachments thereto specify that, although limited due to COVID, McCamey requested and received law library time, and he did not specify on what dates he was denied access. Moreover, McCamey did not produce a verified court-ordered deadline to validate his access requests. Finally, McCamey did not plead any injury resulting from denied access. Rather, McCamey's Petition reflects that he is represented by counsel, his appeal is proceeding before the Superior Court, and he has the capability to seek extensions from the Superior Court. Clearly, McCamey's claim stems from his desire to have more time in the law library, which alone is insufficient to state a viable access to courts claim. *See Snider* (wherein the court dismissed an inmate's claim that prison officials denied him access to the courts by affording him only one three-hour visit to the law library per month, when the inmate failed to plead actual injury and he was represented by counsel in his PCRA appeal that was proceeding through the Pennsylvania appellate courts).

Therefore, even accepting all of McCamey's Petition allegations and inferences as true, and resolving all doubt in McCamey's favor, as we must, because McCamey "has clearly failed to state a claim for which relief can be granted[,]" *Torres*, 997 A.2d at 1245, this Court sustains DOC's Third Preliminary Objection.

10

## Conclusion

Based on the foregoing, this Court sustains DOC's Second and Third Preliminary Objections and dismisses McCamey's Petition.[17]

_____
ANNE E. COVEY, Judge

---

[17] Although not addressed by DOC, to the extent McCamey's Petition seeks a preliminary injunction, it is well settled:

> The six essential prerequisites that a moving party must demonstrate to obtain a preliminary injunction are as follows: (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages; (2) greater injury would result from refusing the injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) the preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the party seeking injunctive relief has a clear right to relief and is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and[] (6) the preliminary injunction will not adversely affect the public interest.

*SEIU Healthcare Pa. v. Commonwealth*, 104 A.3d 495, 501-02 (Pa. 2014). Each and every factor must be satisfied for a preliminary injunction to be issued. *See Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019). Because McCamey cannot prevail on the merits of his claim, this Court cannot issue a preliminary injunction.

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick McCamey, and                      :
All Others Similarly Situated,            :
        Petitioners     :
                        :
        v.              :
                        :
PA. Dept. of Corrections, R. Westover,    :
B. Urben,                                 :   No. 500 M.D. 2020
        Respondents     :

## O R D E R

AND NOW, this 14th day of March, 2022, the second and third preliminary objections filed by the Pennsylvania Department of Corrections, R. Westover, and B. Urban are SUSTAINED, and Patrick McCamey's Petition for Review is DISMISSED.

 

_____
ANNE E. COVEY, Judge